## J. H. DINKGRAVE, Administrator, v. PERMELIA SLOAN.

The Sheriff is not authorized to seize property in another parish, even when pointed out by the debtor.

APPEAL from the District Court of the Parish of Union, *Richardson*, J.

*J. T. Luedling*, for plaintiff and appellant.   *Baker & Harris* and *Garret & Benton*, for defendant.

MERRICK, C. J.   This is an action to recover from the defendant, a tract of land containing 150 acres in the parish of *Union*.

It will be needless to examine the bill of exception to the introduction of defendant's title, under the allegation in the answer.   Never having been in possession himself, and having expressly attacked defendant's title in the petition, the plaintiff is in no condition to insist that the defendant is a mere trespasser.   He must recover upon the strength of his own title.

When we examine his title we find he claims in virtue of a Sheriff's deed executed in 1840 by the Sheriff of the parish of *Ouachita*.   It does not describe the land as lying in the parish of Union, but the proof clearly shows that it applies to one of two tracts of land lying in that parish, and then owned by one *Joseph Hedge*, against whom the execution issued.

The writ of *fi. fa.* did not confer upon the Sheriff of the parish of Ouachita the power to sell the land of the defendant in execution, lying in another parish.   It commanded him (in conformity to the Code of Practice) in default of personal estate of the said *Hedge*, to cause the money to be made out of the real estate and slaves of said *Hedge*, in his parish, viz : Ouachita.   C. P. 643, 646.   He could not go out of his jurisdiction to seize ; and, when he had sold, it was impossible to deliver possession.

But it is said that the defendant himself pointed out the property, and, therefore, he could not complain of the sale, neither can those holding under him.   The Sheriff was not authorized to seize property in another parish, even when pointed out by the debtor.   C. P. 646.   We think where a purchaser at Sheriff's sale has never been in possession of the property, and relies merely upon a paper title, resulting from the proceedings of the Sheriff making the sale, something more must be shown, as a waiver of jurisdiction, than the mere return of the Sheriff. It is quite probable that a knowledge on the part of the bidders at the sale, of the location of the land, was the cause that it brought only the trifling sum of $3 50.

The prescription of five years cannot avail plaintiff.   *Dodeman* v. *Barrow.*

Final judgment was properly rendered in favor of the defendant, for it is evident that plaintiff's only hope of recovering must depend upon the Sheriff's deed, and that, it is seen, becomes unavailing.   6 Rob. 356 ; 6 N. S. 210,

It is, therefore, ordered, adjudged and decreed by the court, that the judgment of the lower court be affirmed, with costs.