# Street *v.* McClerkin.

*Statutory Detinue for Horse.*

1. *Proof of defendant's possession.*—In detinue, or the corresponding statutory action, the plaintiff is not entitled to recover, unless it is shown or admitted that the defendant had possession at the commencement of the suit; but, when the bill of exceptions shows it was proved that a purchaser at constable's sale, the validity of which is attacked, sold the property to the defendant soon afterwards, and there is no proof of any subsequent change in the possession, this court can not say that the jury were not authorized to find that the possession continued in him.

2. *Validity of mortgage, as against prior judgment.*—As against a judgment, which is evidence of an indebtedness from the date of its rendition, a mortgage subsequently executed by the debtor, in the absence of proof of its consideration, must be adjudged voluntary, and constructively fraudulent; but, as between the parties, the mortgage is valid, and confers on the mortgagee a title on which he may maintain an action against any one who does not connect himself with the judgment.

3. *Sale by constable; irregularities not rendering void.*—A sale under execution by a special constable, whose appointment was unauthorized (Code, § 768), is not void; and though it is irregular, if made in a precinct and county other than that of the defendant's residence (Code, § 3637), it is not void.

4. *Execution issued by justice of the peace, and sent into another county.* An execution issued by a justice of the peace, and sent to another county to be executed, must be authenticated by the certificate of the probate judge, or of a justice of the peace of the latter county who is acquainted with his handwriting (Code, § 3647); and if not so authenticated, a levy under it is void.

APPEAL from the Circuit Court of Talladega.

Tried before the Hon. LEROY F. BOX.

This action was brought by Merit Street, against James Mc-Clerkin, to recover a horse, with damages for its detention; and was commenced on the 11th November, 1882. The plaintiff having executed the necessary bonds, and the defendant failing to give bond, the horse was delivered to the possession of the plaintiff. The defendant pleaded *non detinet*, and a special plea, which alleged that the horse "is not the property of the plaintiff, but is the property of this defendant, and was his property at the commencement of this suit;" and the cause was tried on issue joined on these pleas. The plaintiff claimed the horse under a mortgage executed to him by one Murphy, which was dated December 26th, 1881, and the law-day of which was November 1st, 1882; while the defendant claimed under a purchase from J. M. Stewart & Co., who bought him at a sale made by one Hingston as constable, on the 28th Jan-

uary, 1881, under execution against said Murphy. The plaintiff's mortgage was executed in Talladega county, where said Murphy then resided, and was recorded in that county on the 18th January, 1882. The execution, under which the levy and sale were made, was issued on the 22d December, 1881, by a justice of the peace in Calhoun county; and was founded on a judgment which he had rendered on the 10th November, 1881, in favor of J. Draper & Co., against said Murphy, who then resided in Calhoun county; "on which execution," as the bill of exceptions states the defendant's evidence tended to show, "said Draper & Co. procured the certificate of J. C. Hendricks, a justice of the peace in precinct No. 3 in Talladega county, in conformity to section 3647 of the Code, and placed in the hands of said Hingston, who was the regular constable in said precinct in Calhoun county, and who proceeded to Talladega county, where he was appointed by said Hendricks special constable to execute said writ." The plaintiff's evidence, "in rebuttal, tended to show that the only indorsement made on said execution by said Hendricks was the appointment of said Hingston as special constable to execute the same;" and that the appointment was made at the suggestion of one Brittle, the regular constable of the precinct, who was a brother-in-law of said Murphy. The horse was carried back by the constable into Calhoun county, and was there sold under the levy, on the 28th January, 1881, in the precinct in which the judgment was rendered. The defendant's evidence tended to show, also, ": that said J. M. Stewart & Co. became the purchasers at said sale, and soon afterwards sold said horse, for his full value, to the defendant." There was other evidence, relating to the question of notice of plaintiff's mortgage, which is not material.

The court charged the jury, among other things, as follows: (1.) "In suits of this character, the evidence must show that the defendant had possession of the property sued for, at the commencement of the suit; and the burden of proving this fact to the reasonable satisfaction of the jury is on the plaintiff; and if the jury are not reasonably satisfied that the defendant had the possession of the horse at the commencement of the suit, their verdict must be for the defendant." (2.) "It is the policy of the law to uphold the title of third persons who purchase at judicial sales, and such persons are protected against irregularities on the part of the officers in executing process, of which the purchasers had no notice."

The plaintiff excepted to these charges, and then requested several charges in writing, among which were the following: (1.) "If the jury find, from the evidence, that the justice of the peace appointed a special constable, when at the time there

[Street v. McClerkin.]

was a regular commissioned and bonded constable in the precinct, the appointment was a nullity, and gave such special constable no right to levy the execution; and that any levy indorsed by him on the execution would also be a nullity, and would not constitute the defendant a *bona fide* purchaser without notice; and if they further find that the plaintiff's mortgage was regularly recorded before the sale of the mortgaged property to the defendant, then the defendant would not be a *bona fide* purchaser without notice, and they should find for the plaintiff." (5.) "If the jury find, from the evidence, that the only indorsement made on the execution by said Hendricks, as justice of the peace, was an authority to Hingston to execute the writ; and they fail to find that said execution was certified by the judge of probate of the county in which said justice of the peace resided, or by a justice of Talladega county who had knowledge of the handwriting of the justice who issued it, then the levy would be void." The court refused each of the charges asked, and the plaintiff reserved a general exception to their refusal.

The several charges given, and the refusal of the charges asked, are now assigned as error.

D. T. CASTLEBERRY, for appellant.

PARSONS, PEARCE & KELLY, *contra*.

STONE, C. J.—We are asked to affirm the judgment in this case, without any reference to the rulings of the court, on the following principle: The bill of exceptions states it contains all the evidence, and it is contended there is no proof that the horse sued for was in McClerkin's possession when the suit was brought. That being a necessary condition to plaintiff's right to recover, the contention is that he fails to show any right of recovery, and it is immaterial what errors of ruling the court may have fallen into; they would, at most, be errors without injury, which are not grounds of reversal.—*Alexander v. Caldwell*, 61 Ala. 543.

We do not think the principle applicable to this case, for the following, among other reasons: It was shown that when the horse was sold, at constable's sale, J. M. Stewart & Co. purchased, and soon afterwards sold said horse to McClerkin; and there is no proof that the latter had parted with the possession, when the sheriff took possession under the writ in this case. In the absence of all proof to the contrary, we can not affirm the jury were without warrant for finding the horse continued in the same custody he was last shown to have been in.

Street, the plaintiff, relied on a mortgage executed by Mur-

phy to him, bearing date December 26, 1881. He offered no proof of any consideration, or debt, to uphold said mortgage. This was Street's only evidence of title. In November, 1881, J. Draper & Co. recovered a judgment against Murphy for eighty dollars, before a justice of the peace in Calhoun county, where Murphy then resided. This judgment was evidence of indebtedness from Murphy to J. Draper & Co., from the time of its rendition, and, as against them, cast on any one claiming an after-acquired interest in Murphy's property, the duty of proving a consideration therefor. In the absence of such proof, Street's mortgage must be adjudged voluntary, and constructively fraudulent against Murphy's existing creditors.—*Zelnicker v. Brigham*, 74 Ala. 598. The conveyance is good, however, between Murphy and Street, and vests in the latter a title which would maintain an action against Murphy, and against any one else who does not connect himself with a better right. Draper & Co.'s right to assail the mortgage, for want of proven consideration, can not avail McClerkin, unless he connects himself with their right.

After the recovery of the judgment in Calhoun county by J. Draper & Co. *v.* Murphy, the latter removed to Talladega county, and resided there when he made the mortgage to Street, December 26, 1881. An execution was issued on said judgment, and placed in the hands of Hingston, the constable of the precinct in which the judgment was rendered. Hingston carried the execution to Talladega county, and, going to the precinct in which Murphy resided, found the regular, bonded constable of the beat to be Murphy's brother-in-law, who, on that account, did not desire to execute the writ. A justice of that precinct, Hendricks, then appointed Hingston special constable, who on the 28th of December levied the execution on the horse sued for. This was two days after the mortgage from Murphy to Street was executed, but before it was put on record. Hingston then carried the horse to Calhoun county, and, after giving notice, sold him in that county, as constable, under said execution, and J. M. Stewart & Co. became the purchasers, as stated above.

It is contended for appellant, that the appointment of the special constable was void, the levy void, and that the sale was void for two reasons : first, because there was no valid levy ; and second, because the sale was not made in the county and precinct in which the defendant resided. These were irregularities, but we do not think they rendered the proceeding void.—Code of 1876, § 3637 ; Freem. on Ex. §§ 289, 290.

There was uncertainty and conflict in the testimony on another point. It is contended for appellant, that the execution issued by the justice in Calhoun county was sent to Talla-

[Grantham v. Payne.]

dega county, and there levied, without the certificate of the judge of probate of Calhoun county, and without the certificate of a justice of Talladega county, who had knowledge of the Calhoun justice's hand-writing; in other words, without any authentication of the execution.—Code of 1876, § 3647. The testimony for appellee tended to show the execution was certified by Justice Hendricks, thus supplying this statutory requirement; and that for appellant, that Hendricks simply appointed Hingston special constable to execute the writ. If appellant's version of the facts be the true one—that is, if Hendricks did not certify, in substance, that he knew the hand-writing of the Calhoun justice who issued the execution, and that the signature to the execution was in his proper hand-writing—then the levy in Talladega county was without authority—was void—and the sale conveyed no title. A justice's execution can confer no authority beyond the boundaries of his county, unless it is certified as the said section of the Code requires.—Herman on Executions, § 168; Freem. on Ex. § 104; *Kinter v. Jenks*, 43 Penn. St. 445; *Dinkgrave v. Sloan*, 13 La. Ann. 393; *Bank v. St. John*, 29 Barb. 585. The fifth charge asked by the plaintiff ought to have been given.

Some testimony was given bearing on the question of notice. It will not probably be the same on another trial.

Reversed and remanded.