# Stephenson v. Wright.

*Action of Trespass.*

111 579
129 185

1. *Pleas; demurrer properly sustained when imperfectly pleaded special defense combined with general issue.*—When a special plea combines in its averments the elements of the general issue, which is also separately pleaded, and an imperfectly pleaded special defense, a demurrer thereto is properly sustained.

2. *Action of trespass; fraud in sale to plaintiff prior to levy immaterial.*—In an action of trespass for the wrongful levy of an execution,

[Stephenson v. Wright.]

where the plaintiff claimed the goods levied upon under purchase from the defendant in execution, if, before the seizure by defendants in the trespass suit, the plaintiff purchased the property levied upon from the execution defendant, and, as between themselves, acquired the title thereto, the defendants can not, under the plea of the general issue, set up that said sale was fraudulent and void.

3. *Action of trespass for wrongful levy of execution; no-justification when levy made by officer of one county upon property in another county; evidence thereof admissible in mitigation of damages.*—An officer of one county has no authority to levy an execution issued upon a judgment recovered in his county upon property in another county; and in an action of trespass to recover damages for such wrongful levy of an execution, the judgment and execution, while inadmissible in evidence in justification of the taking, are admissible in connection with the evidence that the seizure which constituted the trespass complained of was made under such execution, in mitigation of damages.

4. *Some; evidence of return of property admissible.*—The return of property that has been wrongfully taken under the levy of an executor, does not discharge the trespass thereby committed; but in an action of trespass to recover for the wrongful levy of an execution, the fact that the property so taken has been returned to the plaintiff is admissible in evidence in mitigation of damages.

5. *Same; when charge of court upon effect of the evidence admissible.*— In an action of trespass for the wrongful taking of goods under a levy of an execution against a third person, where the evidence of both the plaintiff and the defendant showed without dispute that some of the property taken belonged to the plaintiff, it is not improper for the court, *ex mero motu*, to instruct the jury that "the undisputed proof is that some of the property was plaintiff's," and when defendants "took possession of said property they were trespassers."

APPEAL from the Circuit Court of Walker.

Tried before the Hon. JAMES J. BANKS.

This was an action of trespass brought by the appellee, B. E. Wright, against the appellants, H. W. Stephenson, John C. Morris and L. H. Posey; and sought to recover damages for the wrongful taking of certain property, alleged to belong to the plaintiff. The defendants pleaded the general issue, and the following special plea: "2: For further answer to the complaint defendants say that said property was the property of Jno. R. Davidson; that defendant Stephenson had a judgment against said Davidson recovered before R.L. Jones, a justice of the peace in and for said county, on the 21st day of January, 1895, for the sum of $55.20 besides costs

of said suit; that on said judgment an execution was duly issued against said Jno. R. Davidson on the 21st day of January, 1895, by said R. L. Jones, and was placed in the hands of said L. H. Posey, as special deputy constable; that said property was removed by said Jno. R. Davidson to Winston county, a short time after the issuance of said execution, and said L. H. Posey followed the property to said Winston county, and found the same in said county, in possession of said Davidson and after having execution indorsed and certified in said county, by B. R. C. Harper, a justice of the peace of said Winston county, levied the same upon said property as the property of said Jno. R. Davidson, and plaintiff then and there consented and agreed that said property might be brought to Walker county for the execution of said writ according to law before the same was removed from Winston county, and they brought the same to Walker county for sale, and the same was sold under said writ in Walker county, to satisfy said judgment and costs as Davidson's property by the constable according to law except a few articles of wearing apparel and bed clothing, which plaintiff claimed and which were delivered to her, and she consented and agreed that the same might be brought from said Winston county, to Walker county, along with other said property of Davidson's which was sold as aforesaid, to satisfy said execution against Davidson." To this plea the plaintiff demurred upon the following grounds: "1st. The said plea fails to show any authority on the defendant Morris to make said levy. 2d. There was duplicity in the said plea. 3d. The said plea fails to show to whom the said writ of execution was directed. 4th. The said plea shows that the execution was not levied by a constable or sheriff. 5th. The said plea fails to show a proper authority to levy it in Winston county. 6th. The said plea fails to show that said execution was directed to a constable of Winston county. 7th. The said plea fails to show that the execution was levied by a constable of Winston county." The court sustained the demurrer to the second plea and issue was joined upon the plea of the general issue.

The evidence for the plaintiff tended to show that the defendants, J. C. Morris and L. A. Posey, at the instigation and request of the defendant, H. H. Stephenson,

went to the house of one Frank Morris in Winston county, Alabama, where plaintiff and one John R. Davidson were, and took and carried away, against the plaintiff's will and contrary to her express demands, two mules, which she had bought from J. R. Davidson, and which were in her possession at that time, and also a lot of bed cloths and wearing apparel which were then in her possession. That the defendants brought all of this property from Winston county into Walker county, and after their arrival in Walker county they delivered the clothing and wearing apparel to plaintiff, but said mules were sold by a constable after advertisement, under an execution issued upon the judgment in favor of the defendant Stephenson against J. R. Davidson; that said sale was forbidden by the plaintiff, and she gave notice thereat that the mules were her property.

The evidence for the plaintiff also tended to show that she bought the mules which were taken from said John R. Davidson and paid for them by surrendering a debt which Davidson owed her, and the delivery of certain personal property to said Davidson, and by agreeing to work out for him the balance of the debt which was due on the purchase price of said mules.

The evidence for the defendants tended to show that when Posey and Morris reached the house of Frank Morris in Winston county, and that when they let it be known that they had come to levy upon said mules and the personal property which was kept in boxes with Davidson's property, the plaintiff claimed some of the bed clothing and wearing apparel, but failed to point out what specific property was hers, as distinguished from Davidson, or in any manner to separate her things from his; and that after the levy was made, the plaintiff and Davidson came back to Walker county with said Morris and Posey, and that at the time of taking the mules, the said Frank Morris, in the presence of the plaintiff, claimed said mules as his, and the plaintiff interposed no objection to said claim. The defendants then offered to prove that John R. Davidson was deeply indebted while he lived in Walker county, and that there were several unsatisfied judgments against him, and upon which executions had been returned no property found, and that the creditors of said Davidson were

pressing him for debts he owed. The plaintiff objected
to the introduction of this evidence, which objection the
court sustained, and the defendants duly excepted. The
defendants then offered to introduce in evidence an exe-
cution which was issued by the justice of the peace of
Walker county, on a judgment by the defendant Stephen-
son against J. R. Davidson, and that said justice had
appointed the defendant Posey as a special deputy con-
stable for the levy of said execution, by indorsement on
the back thereof, and that this execution was indorsed
by the justice of the peace of Winston county, and that
the property involved in this controversy was levied on
under said execution.

The plaintiff objected to the introduction in evidence
of this execution and the indorsement thereof, the court
sustained the objection, refused to allow the introduc-
tion of such evidence, and to this ruling the defendant
duly excepted. The defendants offered to prove that
said mules were sold by a regularly bonded constable of
Walker county under said execution, but upon plaintiff's
objection to such proof, the court refused to allow it to
be made, and to this ruling the defendants duly ex-
cepted.

The court in its general charge to the jury, among
other things, instructed them as follows: "The undis-
puted proof is that some of the property was plaintiff's,
and when Mr. Posey and Mr. Morris went and took
possession of said property they were trespassers." The
defendants duly excepted to this part of the court's
general charge, and also separately excepted to the
court's giving at the request of the plaintiff, the follow-
ing written charges: (1.) "If the jury believe the evi-
dence, they must find for the plaintiff." (2.) "I charge
you, gentlemen of the jury, that it does not make any
difference whether or not fraud entered into the trade
between B. E. Wright and Jno. Davidson. If you find
from the evidence that a trade was in fact made and a
title to the mules passed to B. E. Wright before Posey
and Morris took possession of them, then you must find
a verdict for the plaintiff, if you further believe from the
evidence that the title to the mules were in her at the
time of taking." The defendants requested the court
to give to the jury the following written charges, and
separately excepted to the court's refusal to give each of

them as asked : (1.) "If the jury find from the evidence that the plaintiff willingly consented for Posey and Morris to take possession of and remove her wearing apparel and bedding from Winston county to Walker county, then they must find for the defendant as to the taking of said wearing apparel and bedding." (2.) "No agreement or trade made by and between Davidson and plaintiff after the alleged taking can be considered so as to give plaintiff a right to recover." (3.) "If the jury believe the evidence they must find for the defendants as to the mules." (4.) "If you believe from the evidence that at the time of the taking there had been no agreement between plaintiff and defendant that the mules were the plaintiff's, the verdict must be for the defendant although you might believe from the evidence that Davidson, after the taking, sold her the mules."

There were verdict and judgment for the plaintiff. The defendants appeal, and assign as error the several rulings of the trial court to which exceptions were reserved.

APPLING, McGUIRE & COLLIER, for appellants.—The second plea may have been bad for duplicity, but it was a good plea in bar, and the averment that reference to legal process is a justification for the levy of an execution are mere surplusage, and should have been disregarded. All superfluous allegations and pleadings should be rejected as surplusage.—2 Brick. Dig., 333, § 62. Duplicity in a complaint or in a plea is not a ground of demurrer.—*Houston v. Hilton*, 67 Ala. 376; *Lewis v. Lee County*, 66 Ala. 488; *Cannon v. Lindsey*, 85 Ala. 198. The court erred in not allowing the defendants to introduce in evidence the judgment, execution and levy thereof. Such evidence was admissible in mitigation of damages.—*Boggan v. Bennett*, 102 Ala. 400. The charge given by the court *ex mero motu* was a charge upon the effect of the testimony which was unauthorized.—Code, § 2754, and authorities cited thereunder.

COLEMAN & BANKHEAD, *contra*.—1. The demurrers to the second plea was properly sustained.—*Evans v. Richardson*, 76 Ala. 329; *Overdeer v. Wiley*, 30 Ala. 790;

*Olmstead v. Thompson*, 91 Ala. 130; Code of 1886, §§ 3349, 3350; *Street v. McClerkin*, 77 Ala. 580.

2. In trespass for taking plaintiff's goods, it is no defense, under the general issue, that the sale by which the plaintiff obtained title to the goods was fraudulent. *Harrison v. Davis*, 2 Stew. 350; *Daniel v. Hardwick* 88 Ala. 557; *Petty v. Dill*, 53 Ala. 641; *Burns v. Taylor*, 3 Porter 187.

3. Under the general issue, in an action for taking and carrying away personal property, the defendant cannot be allowed to prove, in mitigation of damages, or for any other purpose, that the act complained of was done under legal process.— *Womack v. Bird*, 51 Ala. 504; *Womack v. Bird*, 63 Ala. 500.

4. The fact that the defendants returned a part of the property levied upon to the plaintiff does not heal the wrong done by the trespass.— *Womack v. Bird*, 63 Ala. 500; *Union v. Blount*, 20 Ala. 694.

5. The 2d charge given at request of plaintiff is a correct exposition of the law. The demurrer to the plea of justification having been sustained, the defendants stood in the attitude of any other person, who was without right to take and detain the property, whether it belonged to plaintiff or Davidson. Occupying this position, they were not entitled to show that plaintiff's claim to the property was acquired by a fraudulent transaction on the part of Davidson. This was a matter not material to defendants.—*Daniel v. Hardwick*, 88 Ala. 557; *Harrison v. Davis*, 2 Stew. 350.

6. The charge given by the court *ex meto motu* was not erroneous. The record affirmatively showed and it was not disputed, that part of the property levied upon belonged to the plaintiff. There was, therefore, no occasion to leave to the jury the ascertainment of any fact in reference thereto.—*Carter v. Chambers*, 79 Ala. 273; *Marks v. Robinson*, 82 Ala. 83; *Kirkland v. Oates*, 25 Ala. 465.

HEAD, J.—Trespass *de bonis asportatis* by appellee against appellants.

The defendants' special plea combined practically the elements of the general issue, with an imperfectly pleaded special defense of justification. It is properly admitted by counsel, that in so far as the plea seeks to

justify, it is subject to some of the grounds of demurrer assigned; but it is contended that duplicity in pleas is not available under our system, and the matters of special defense should have been rejected as surplusage, and the plea retained as a sufficient traverse of the declaration. The answer is, that the general issue was separately pleaded, and the defendants had the benefit of all matter provable under it. The demurrer was properly sustained.

The Walker county constable had no authority to levy the execution in Winston county, and there is no provision of the statute by which such authority can be acquired. Sections 3349 and 3350 of the Code do not meet the case. The case will have to be disposed of, then, with reference alone to the general issue. In this aspect, It is not pretended that the defendants had any title or right of possession to the property; so the only inquiry is, whether the plaintiff's possession, actual or constructive, was invaded without her consent. If, before the seizure by the defendants, the plaintiff purchased any of the property from Davidson, and, as between her and Davidson, acquired the title thereto, no question of fraud, in the sale, upon the rights of Davidson's creditors, arises; for it is only where the rights of creditors are being enforced, by due process of law, that such questions arise. Stephenson's execution against Davidson, being of no force in Winston county in the hands of the Walker county constable, is the same as if it had never been, unless it may be available to shed light on the animus of the parties in making the seizure, and mitigate damages which might otherwise be assessable against them. We had occasion to consider this latter question in *Boggan v. Bennett,* 102 Ala. 400, and on the authority of that case, we hold, that if the judgment and execution be offered in evidence, in connection with evidence that the seizure which constituted the trespass was made under the execution, then, for the purpose of mitigation of damages, they ought to be received; and if the jury should believe that the property was seized under the execution, in good faith, the defendants believing they were proceeding lawfully, and the seizure was accompanied by no special oppression, malice, insult or other circumstances of aggravation, nothing more than

actual damages ought to be awarded. If Morris acted under, and at the request of Stephenson, merely to·assist in making the levy, in like good faith and becoming behavior, the principle should apply to him as well as the others. Evidence of fraud upon creditors in making the sale, for the purpose of shedding light on the animus of defendants, would open too wide a field of investigation, and tend to draw the attention of the jury from the main issue.

The return to plaintiff of property wrongfully taken from her, did not discharge the trespass, but was provable to mitigate the damages, in reference to that property. There is no conflict in the evidence that some of the bed clothing and wearing apparel belonged to the plaintiff, and that it was seized by the defendants. The plaintiff was, therefore, entitled to recover for that, if the jury believed the evidence ; the damages to be ascertained with reference to the fact that it was returned. If the doctrine of "confusion of goods" had any application to a case like this (as it has not), there was no evidence that plaintiff was requested to point′ out and distinguish her goods from Davidson's.

The evidence was such, that it was clearly a question for the jury whether there had been really a sale of the mules by Davidson to plaintiff prior to the seizure by defendants, or whether she had possession of them at the time of the seizure. If there had not been such a sale, and she did not have possession at the time of the seizure, then she was entitled to no damages on account of the mules. The return of the sale of the property under the execution, ought, when introduced in evidence, to be so limited, as that the jury will not consider the prices at which the property sold as evidence of its value.

The general charge for the plaintiff was properly given, by reason of the undisputed evidence, as to the plaintiff's bedding and wearing apparel. The second charge given for plaintiff was also proper. The first charge requested by the defendants was abstract as to the *taking* of the property mentioned. The second charge requested by defendants, asserts a correct proposition of law, and could have been given without prejudice to plaintiff, but we are not prepared to say it was not abstract. The same as to the fourth charge, or the last clause thereof. This charge also ignores the evidence tending to show plain-

tiff was in possession of the mules at the time of seizure. The third charge was properly refused. The oral charge to which exception was reserved was a direct instruction upon the effect of the evidence, and withdrew from the jury the credibility of the evidence, and was erroneous.

Reversed and remanded.

### RESPONSE TO APPLICATION FOR REHEARING.

The bill of exceptions shows that there was no conflict in the evidence that the wearing apparel, which it was conceded was taken and carried away by the defendants, was the property of the plaintiff and taken from her possession, and furthermore, that both plaintiff's and defendant's evidence showed, without dispute, that defendants did not dispute or resist her claim, or deny her ownership, but on the contrary agreed with her to restore, and did restore, to her the possession of said goods. Upon reconsideration, we are of opinion that these facts put the question of her ownership, and defendants' wrongful taking of the goods, without the pale of disputation or controversy between the parties, whereby those facts became conceded incidents of the case, and hence governed by the rule declared in *Carter v. Chambers*, 79 Ala. 223, in reference to the right of the trial court to state such incidents, without hypothesis, to the jury.

We, therefore, modify the former opinion, and hold that the charge given by the court, *ex mero motu*, was not cause of reversal.

Rehearing granted; former judgment of reversal set aside, and judgment of the court below affirmed.

Affirmed.