# Jones *v.* Baxter.

## *Attachment.*

(Decided June 30th, 1906. 41 So. Rep. 781.)

1. *Sheriffs; Attachments; Levy; Authority Outside of Jurisdiction.* —An attachment is void that is levied by a sheriff on property entirely without the limits of his county.

2. *Attachment; Levy; Defects; Waiver; Forthcoming Bond.*—The fact that a defendant in attachment gave a forthcoming bond to get possession of his property, taken under a void levy does render the levy valid; nor does it deprive the attachment defendant of his right to have the levy vacated upon motion seasonable made.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action of attachment begun by Jones v. Baxter. The facts are fully set out in the opinion of the court. From a judgment for defendant, plaintiff appeals.

ESPY & FARMER, for appellant.—No brief came to the Reporter.

REID & HILL, for appellee.—No brief came to the Reporter.

HARALSON, J.—This is an attachment suit commenced by R. M. Jones, the appellant, on the 3rd day of September, 1904, against Z. M. C. Baxter, the appellee.

[Jones v. Baxter.]

The suit was issued out of the circuit court of Houston county, and was forwarded to the sheriff of Geneva county to be levied, and when the sheriff of Geneva received it, he went out of Geneva into Houston county and, on the 8th of that month, levied the writ on a growing crop situated in the latter county. On the 9th of the month, Baxter executed and delivered to the sheriff, a bond replevying the property attempted to be levied on, took it into his possession and never returned it to the sheriff. The defendant was a non-resident of the State, and when the Houston court convened, he appeared by his attorneys, specially for the motion, and moved the court to have the attachment dissolved and the levy dismissed. The plaintiff demurred to this motion, on the grounds: (1) That the sheriff of Geneva county had the authority to levy on property situated in Houston county, under and by virtue of said attachment, returnable to the circuit court of the latter county; (2) the levy was not void; and (3) because the said motion fails to set forth any facts which showed that the levy which is sought to be assailed is void.

The court sustained the demurrer to the second and third grounds of the motion, and overruled it as to the first ground.

The plaintiff filed a plea to the said motion, fully set out on page 5 of the record. The defendant moved to strike said plea, which motion was granted.

On the trial of the motion to vacate and discharge the levy, the facts as stated above in the beginning of this opinion, were shown without conflict, and the court granted the motion, and entered judgment discharging and dismissing the levy made under the attachment.

It thus appears, that the single question is presented.— whether the court erred in discharging said levy, and that depends upon whether the sheriff of Geneva county had any right or authority to go out of his own county into Houston county and levy the attachment in his hands on property situated wholly in the latter county.

It is stated in Freeman on Executions, § 104, that "The execution may be regular, and in all respects valid when

it was issued, and yet, not authorize its service by the officer to whom it is delivered. By the rules of the common law, the writs of each court are only capable of enforcement within the territorial limits of its jurisdiction. * * * So, when intrusted with the execution of a writ of his own county, the officer must remember, that his authority under the writ is confined to the county. He has no legal power to levy on lands or property outside of the county. The acts of an officer outside of his county or bailiwick are unofficial and necessarily void unless expressly or impliedly authorized by some statute." In this state we have no statute applicable to sheriffs to take them out of this common law rule. The foregoing principle, as stated by Mr. Freeman, is supported, as appears in his notes to the text by the decisions of the courts of many of the states.

Mr. Herman, in discussing what levies are void, says: "A levy made on property that is not subject to levy on execution is void," and gives instances of such, the last one of which is, "A levy upon property outside of the district or county of the officer holding the execution."— Herman on Execution, § 168; *Street v. McClerkin,* 77 Ala. 580; *Stephenson v. Wright,* 111 Ala. 586, 20 South. 622. The court committed no error in discharging and dismissing said levy.

We are cited to the case of *Peebles v. Weir,* 60 Ala. 413, as opposed to the rulings of this court. That case holds, that the execution of a replevy bond by the defendant, in an attachment case, is sufficient to sustain a judgment against him by default. That decision is justified, on the grounds as therein stated, that by the execution of the bond, the defendant becomes a party to the suit, as do his sureties, so far that an execution may issue against them, if the plaintiff is unsuccessful in the suit, and fails to return the property to the custody of the proper officer. But, the execution of a forthcoming bond by a defendant to gain the possession of his property taken from him under a void levy, cannot have the effect of validating the levy, and would not deprive the defendant of making his motion to get rid of the void levy,—otherwise, he would

[Nearen v. Farrow.]

be deprived of the possession and use of his property unlawfully taken from him under a levy which was void, and which had no more effect upon defendant's rightful possession of it than if it had not been made. The forthcoming bond was, itself void as a statutory bond, because it was without a valid levy to sustain it.

The ruling of the court below is approved.

Affirmed.

WEAKLEY, C. J., and DOWDELL and DENSON, JJ., concur.