# Smith v. Roebuck, et al.

### Action on Official Bond of Justice of Peace.

(Decided April 27, 1908.  46 South. 455.)

1. *False Imprisonment; Complaint; Sufficiency.*—In an action against a justice of the peace, and the sureties on his official bond, a complaint alleging that defendant, while acting under the color of his office, as such justice of the peace, unlawfully deprived plaintiff of his liberty, causing him to be arrested, etc., and imprisoned, and as a consequence thereof, plaintiff suffered, etc., states a cause of action.

2. *Pleas; Sufficiency.*—A plea which sets up as a defense to an action against a justice of the peace, and his official bond, for false imprisonment, that at the time of the alleged wrong the defendant was acting as justice of the peace, and solely in the judicial capacity of such justice, that plaintiff was arrested under a warrant regularly issued by defendant, acting as justice of the peace, against plaintiff, charging him with the offense of using profane language in the presence of females, and that the writ was served by the con stable of such court, is defective for a failure to aver that defendant, as such justice of the peace, had jurisdiction of the subject matter and of the person of plaintiff.

3. *Same.*—As an answer to an action against the justice of the peace and the sureties on his official bond for false imprisonment, the complaint therein alleging that defendant, acting under the color of his office, unlawfully deprived plaintiff of his liberty, and that plaintiff was handcuffed and carried along the public highway of the city, pleas setting up that plaintiff was arrested under a warrant regularly issued by defendant, acting as a justice of the peace, against plaintiff, charging him with the named offense, and that the writ of arrest issued by defendant was served by a constable of such court, were defective for a failure to identify the acts relied on as a justification of the wrongs counted on for a recovery.

APPEAL from Birmingham City Court.

Heard before Hon. C. W. FERGUSON.

Action by John W. Smith against W. B. Roebuck and others. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

Count 2, upon which the cause is tried, is as follows: "The plaintiff claims of defendant $1,000 damages, for that heretofore, to wit, on November 8, 1904, the defendant W. B. Roebuck was a justice of the peace in precinct

No. 46, known as Avondale, in Jefferson county, Alabama. Plaintiff avers: That under the statute of Alabama the said Roebuck executed his official bond as such justice of the peace in the sum of $1,000 on the 16th day of November, 1904, for the faithful discharge of the duties of such office during the time he continued therein or discharged any of the duties thereof. That James Frith, J. N. Sigbee, W. L. Frith, W. F. Suydam, and J. C. Rockett, codefendants of said Roebuck and above named as defendants, signed and executed said bond of said W. B. Roebuck as such justice of the peace, as the sureties of said Roebuck for the faithful discharge of the duties of such office during the time he continues in said office or discharges any of the duties thereof. that said bond was approved and ordered of record on the 17th day of November, 1904, by J. P. Stiles, judge of probate of Jefferson county, Alabama. The said W. B. Roebuck on the 24th day of December, 1905, while acting under color of his office as such justice of the peace, and while the bond as aforesaid was in full force and effect, breached said bond, in that under color of his authority as such justice of the peace as aforesaid, and under color of his office as such justice of the peace as aforesaid, the said W. B. Roebuck on the 24th day of December, 1905, unlawfully deprived and detained the plaintiff of his liberty and contrary to the will of plaintiff in Jefferson county, Alabama. Plaintiff avers that such unlawful deprivation and detention of his liberty was caused by the said W. B. Roebuck while wrongfully acting under color of his office as such justice of the peace as aforesaid. Plaintiff avers, because of such unlawful deprivation and detention of his liberty, he was brought under arrest from Avondale aforesaid, and carried to the county jail to be incarcerated therein, and, not being received by the jail authorities for such

[Smith v. Roebuck, et al.]

purpose, plaintiff was handcuffed and carried along the public highways of the city of Birmingham and on the street cars back to Avondale, exposing plaintiff to the gaze and observation in his then condition to the public. And after plaintiff was taken back to Avondale he was imprisoned for the space of 24 hours in the city calaboose by the said Roebuck, acting under color of his office of justice of the peace as aforesaid, all of which occurred and took place on the 24th day of December, 1905. Plaintiff avers, because of such unlawful detention and deprivation of his liberty as aforesaid by said Roebuck under the color of his office as such justice of the peace, plaintiff has suffered great mental and physical pain and mortification and humiliation of his feelings and pride, and was so deprived and detained of his liberty for the day and night of the 24th of December, 1905, and until Monday, after 12 o'clock m. of the 25th day of December, 1905, and to obtain his liberty he was forced to pay $3.70, and other great and grievous wrongs then and there done to the plaintiff, to his damage $1,000. Hence this suit."

Pleas 3, 4, and 5, interposed by defendants, are as follows: "(3) Defendants further specially say, each for himself and jointly, that at the time of the alleged wrongs set up in the complaint that defendant W. B. Roebuck was acting as justice of the peace in said precinct No. 46 solely in his judicial capacity as such justice of the peace. (4) The defendants further say that plaintiff was arrested under a warrant regularly issued by defendant W. B. Roebuck, acting as justice of the peace, against plaintiff, charging him with the offense, to wit, of using profane language in the presence of females. (5) The defendants further say that plaintiff was arrested under a writ issued by W. B. Roebuck as justice of the peace, and said writ was served by a constable of said court."

DENSON & DENSON, for appellant.   The court erred in not sustaining demurrers to the special pleas.— *Craig v. Burness,* 32 Ala. 731 ; *Withers v. Coyles,* 36 Ala. 328; *Woodruff v. Stewart,* 63 Ala. 215; *Heard v. Harris,* 68 Ala. 43 ; 14 L. R. A. 139 and note; 29 Cent. Dig. 165 ; *Irion v. Lewis,* 56 Ala. 195; *Coleman, et al. v. Roberts,* 113 Ala. 329 ; *McLendon v. Am. F. L. M. Co.* 119 Ala 521 ; *Busteed v. Parsons,* 54 Ala. 401 ; *Burgin v. Sullivan,* 44 South. 203 ; 8 Ency P. & P. 850 ; 19 Cys. 361.

JOHN H. MILLER, for appellee.   The 2nd count of the complaint states no cause of action and there is nothing to support a judgment if found thereon.—*Linam v. Jones,* 134 Ala. 579 ; *L. & N. v. Williams,* 113 Ala. 402 ; *St. Clair County v. Smith,* 112 Ala. 347 ; *Jordan v. N. C. & St. L.,* 131 Ala. 219 ; *Ala. I. S.v. Adler,* 144 Ala. 555 ; *Thomas v. Stepney,* 58 Ala. 365.   The court did not err in sustaining demurrer to the defendant's pleas. —*Burgin vs. Sullivan et als.* 44 Sou. Rep. page 202 ; *Coleman v. Roberts,* 113 Ala. page 323 ; *Heard v. Harris,* 68 Ala. page 43 ; *Woodruff vs. Stewart,* 63 Ala. page 206 ; *Busteed v. Parsons,* 54 Ala. page 393 ; Mechem on Public Officers, sections 619 et seq ; Cooley on Torts, sections 403 et seq.

TYSON, C. J.—The second count of the complaint upon which this case was tried clearly states a substantial cause of action.—*Kelly v. Moore,* 51 Ala. 364.

The three special pleas (numbered 3, 4, and 5), attempting to invoke the defense of justification on the part of the justice of the peace against whom the wrongs are charged in the count, are wholly defective, in failing to aver his jurisdiction of the subject-matter and of the person of the defendant.—*Heard v. Harris,* 68 Ala. 43 ; *Busteed v. Parsons,* 54 Ala. 401, 25 Am.

Rep. 688; *Craig v. Burness,* 32 Ala. 731; 19 Cyc. pp. 361, 362. The fourth and fifth are also defective in another particular: They fail to identify the act relied on as a justification with the wrongs counted on for a recovery. 8 Ency. Pl. & Pr. p. 850. The demurrer to each of the pleas should have been sustained.

Reversed and remanded.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.