[Deason v. Gray, et al.]

# Deason *v.* Gray, *et al.*

*False Imprisonment.*

(Decided June 3, 1915.   69 South. 15.)

1. *Sheriffs and Constables; False Imprisonment; Complaint.*—In an action against a sheriff and the sureties on his bond for false imprisonment, a complaint alleging that the arrest was made either by the sheriff or by a named deputy, without probable cause, and without a warrant therefor on the charge of abusive language, and that the other defendants were sureties on his official bond, stated a cause of action for false imprisonment against the sheriff and his bondsmen, and it was not necessary to set out the bond or any of its conditions.

2. *Same; Liability of Surety.*—Under section 1500, Code 1907, a plaintiff in an action against a sheriff and his official bond, alleging that the sheriff maliciously, and without probable cause, arrested plaintiff and imprisoned him on a charge of assault with intent to murder, and committed an assault and battery on the plaintiff, thus charging the defendant with a joint participation in the tort itself, could recover against the surety.

3. *Same.*—In an action against a sheriff and his sureties on his official bond for false imprisonment, a complaint following the form prescribed by the Code, except that it did not allege that plaintiff was unlawfully arrested, but did allege facts constituting an unlawful arrest by the sheriff without a warrant therefor on the charge of an offense not committed in the sheriff's presence, sufficiently alleged an unlawful arrest and imprisonment.

4. *Arrest; Offense; Warrant.*—Under section 6269, Code 1907, the sheriff could not arrest without a warrant one charged only with a misdemeanor not committed in the presence of the sheriff.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Action by S. G. Deason against John M. Gray and the sureties on his bond as sheriff, for damages for false imprisonment and assault and battery. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

F. A. GAMBLE, for appellant.

RAY & COONER, for appellee.

THOMAS, J.—The gravamen of the action is the arrest and false imprisonment of the appellant by John M. Gray, acting in his official capacity as sheriff of Walker county. Each count of the complaint alleges that the United States Fidelity & Guaranty Company is surety on the official bond of said John M. Gray, as such sheriff of Walker county, Ala., and each count alleges that the arrest was made either by the sheriff or by a named deputy of the sheriff, without probable cause and without a warrant therefor, on the charge of using abusive language.

On the former appeal the ruling of the lower court was reversed for sustaining demurrers to counts 1 and 3. On the retrial of said cause, the plaintiff withdrew all counts, except 1 and 3, and embodied an additional count, numbered 11. Defendant refiled his demurrer to counts 1, 3, and 11, which demurrer was sustained by the court; and the plaintiff took a nonsuit, and a bill of exceptions, on account of the court's action in sustaining the demurrer.

(1) Counts 1 and 3 were held sufficient in *Deason v. Gray*, 189 Ala. 672, 66 South. 646, where Mr. Justice MAYFIELD said: "Each count stated a cause of action * * * for false imprisonment, against both the sheriff and his official bondsmen. It was not necessary to set out the bond, nor any of its conditions. The statutes prescribe these; and if the official bond was not such as the statutes prescribe, or if the defendant was not really surety on the sheriff's bond, this was matter for special plea. The action was against the sheriff and the Guaranty Company, and it was alleged in each count that the Guaranty Company was surety on the official bond of the sheriff. The law says what the conditions are, and for what acts or faults or derelictions of the sheriff the surety on his official bond shall be lia-

ble. Hence these were questions of law, and not of fact, and were not necessary to be alleged."

In *Coleman et al. v. Roberts*, 113 Ala. 323, 21 South. 449, 36 L. R. A. 84, 59 Am. St. Rep. 111, Chief Justice Brickell quoted from the opinion in *Kelly v. Moore*, 51 Ala. 364, with approval, that to cure "a defect in the common law  *  *  *  the statute now extends the liability of sureties on official bonds to injuries from wrongful acts done by the officer under color of his office, as well as to the nonperformance, or negligent performance, of official duty. The complaint avers the wrong, as we have stated, the official character of Mc-Govern, and the execution of an official bond, with the other defendants as sureties. However inartificial these averments may be, they must, after judgment by default, be deemed to disclose a substantial cause of action against all the defendant jointly," adding that, "Whether the construction of the complaint was or was not erroneous is not now of importance.'

In *Smith v. Roebuck et al.*, 155 Ala. 395, 46 South. 455, it was declared that, in an action against a justice of the peace and the sureties on his official bond, the complaint states a cause of action where it alleges that the defendant, while acting under color of his office as such justice of the peace, unlawfully deprived the plaintiff of his liberty, causing him to be arrested and imprisoned, and that as a consequence thereof the plaintiff suffered, etc.

(2) The statute declaring the legal effect of official bonds is as follows: "1. For every breach of the condition during the time the officer continues in office, or discharges any of the duties thereof.

"2. For the faithful discharge of any duties which may be required of such officer by any law passed sub-

sequently to the execution of such bond, although no such condition is expressed therein.

"3. For the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office as by his failure to perform, or the improper or neglectful performance of those duties imposed by law."—Code 1907, § 1500.

The appellee insists by demurrer that neither of the three counts declares on the bond for a breach thereof, 'and that under the statement of the law in *Murphy v, McAdory et al.*, 183 Ala. 209, 62 South. 706, no recovery could be had against the sureties. But *Murphy v. McAdory* was a radically different case. An inspection of the original record shows that counts 1 and 3 claimed damages of the defendant: (1) For maliciously and without probable cause therefor imprisoning the plaintiff on a charge of assault with intent to murder; and (2) for an assault and battery committed on the plaintiff. Nothing was said about bond or sureties, and all the defendants were charged with joint participation in the tort itself. Had it appeared that the sheriff committed the wrongs colori officii, and that the other defendant was his official bondsman, the ruling in that case would have been different.

Doubtless the learned trial judge may have been misled by the statement in the opinion in *Murphy v. McAdory* that the bondsman was liable, if at all, "only by contract for the breach of the sheriff's official bond." By this, however, no more was intended than that the basis of the bondsman's liability was his contractual assumption thereof, and not his actual participation in the tort; nor was it intended to say that the bondsmen must be sued in form ex contractu.

(3) The form prescribed by the Code (1907, vol. 2, p. 1198, form 19), was followed in the eleventh count,

with the exception that it does not allege that the plain-
tiff was arrested "unlawfully." It does, however, al-
lege the facts constituting an unlawful arrest, that the
plaintiff was arrested by the defendant sheriff, on the
charge of "using abusive language," without a warrant
therefor, and that "the offense for which plaintiff was
arrested and with which he is charged was not com-
mitted in the presence of the arresting officer." In-
stead of using the word "unlawfully," or "maliciously
and without probable cause," the complaint avers facts
showing that the arrest and imprisonment was for a
misdemeanor not committed in the arresting officer's
presence, and was made without warrant. This aver-
ment was an allegation of an unlawful arrest and im-
prisonment.

(4) The right of an officer to arrest without war-
rant is declared in section 6269 of the Code as follows:
"An officer may also arrest any person, without war-
rant, on any day and at any time, for any public of-
fense committed, or a breach of the peace threatened
in his presence; or when a felony has been committed,
though not in his presence, by the person arrested, or
when a felony has been committed, and he has reason-
able cause to believe that the person arrested commit-
ted it, or when he has reasonable cause to believe that
the person arrested has committed a felony, although
it may afterwards appear that a felony had not in fact
been committed; or on a charge made, upon reasonable
cause, that the person arrested has committed a fel-
ony."

Chief Justice Brickell, in *Cunningham v. Baker,* 104
Ala. 160, 16 South. 68, 53 Am. St. Rep. 27, constru-
ing this and other sections (sections 4260-6274) of the
Code of 1886, said that: "The intervention of a judicial

officer and a warrant of arrest were deemed the more orderly, if not the only, course of legal procedure. The current of judicial decisions supports the proposition that, when the matter of apprehension and detention is regulated by statute, the statutory mode of procedure must be observed, and that arrest and detention otherwise is illegal."

This construction of the statute has been followed in the recent decisions of *Tutwiler Coal & Coke Company v. Tuvin*, 158 Ala. 659, 48 South. 79, *Childers v. State*, 156 Ala. 96, 47 South. 70, *Gambill v. Schmuck*, 131 Ala. 321, 31 South. 604, and *Sanders v. Davis*, 153 Ala. 375, 44 South. 979. Mr. Chief Justice ANDERSON disposes of this question in *Adams v. State*, 175 Ala. 8, 57, 591, as follows: "It may be conceded that the arrest in question, the defendant having been charged only with a misdemeanor not committed within the presence of the officer, could only have been lawfully made under a warrant; * * * yet the state's proof shows that Ellington did have a warrant, and the deceased, Berry, was sent to help arrest the defendant. * * * Where two officers are acting together, the possession of the warrant by one is sufficient justification for both."— *People v. Durfee*, 62 Mich. 487, 29 N. W. 109.

It results, from what we have said, that there was error in sustaining defendant's demurrer to the complaint. For this error of the trial court, the judgment is reversed and the cause is remanded.

Reversed and remanded. All the Justices concur.