# Brown & Hagin Co. *v.* McCullough.

### *Detinue and Trover.*

(Decided October 14, 1915.    Rehearing denied November 18, 1915.
69 South. 924.)

*Intoxicating Liquors; Extra-Territorial Seizure; Validity.*— Where, acting under a writ of seizure issued by the law and equity court of his county, a sheriff seized whisky in transit to another county, within such other county, such seizure rendered the officer liable for trespass in the wrongful taking and for conversion of the property by taking it back into his county, since in attachment and seizure proceedings, the res must be within the jurisdiction of the court issuing process.

APPEAL from Morgan Circuit Court.

Heard before Hon. D. W. SPEAKE.

Action by Brown & Hagin Company against R. N. McCullough in detinue, trover and trespass.    Plaintiff appealed from a judgment of non-suit.    Reversed and remanded.

Transferred from Court of Appeals under act creating said court.

[Brown & Hagin Co. v. McCullough.]

WERT & LYNNE, for appellant.

E. W. GODBEY, for appellee.

MAYFIELD, J.—Appellant, a Tennessee corporation, sued the appellee, sheriff of Morgan county, Ala., to recover 4,000 half-pints of whisky. The complaint contained three counts. The first was in detinue, to recover the whisky; the second was in trover, for its conversion; and the third, for trespass, in the wrongful taking thereof. To the complaint the defendant pleaded the general issue, and two special pleas, one setting up the pendency of a proceeding in rem, in the Morgan county law and equity court, for the seizure and destruction of the whisky sued for, and the second, a plea of justification under process, viz., a writ of search and seizure issued from the Morgan county law and equity court. Demurrer being overruled to these special pleas, the plaintiff filed special replications thereto, and, demurrers being sustained to these special replications, the plaintiff on account of the adverse ruling, took a nonsuit with a bill of exceptions, and appeals to review such adverse ruling.

The trial court was in error in sustaining the demurrer to these special replications. Without passing upon the sufficiency of the special pleas, if they were good pleas in bar, and as such only were they interposed, the replications were a complete answer to the defense attempted to be set up in the special pleas.

These replications set up the fact that the whisky when seized by the defendant was in transit from Chattanooga, Tenn., to Whitesburg, in Madison county, Ala., and was at the time interstate commerce; that the writ of seizure was issued from the Morgan county law and equity court, and that the seizure was made beyond

the jurisdiction of that court and that of the sheriff of that county; that the whisky never reached Morgan county until after the seizure, and would not have reached it but for the wrongful seizure by the defendant; that the goods were not destined for Morgan county, but for Madison county; and that they were seized in Madison county, while in interstate transit, and thereafter wrongfully carried to Morgan county under the direction of the defendant, or of his agents.

If these facts were true, and on demurrer they must be so treated, the defendant had no authority or right to seize the goods under the writ of seizure issued from the Morgan county law and equity court, and such writ could afford him no justification for seizing or bringing the goods into Morgan county, nor for thereafter detaining them.

Statutes authorizing searches and seizures confer extraordinary powers and harsh remedies, and must be strictly complied with, and a search warrant can lawfully issue only in the cases and with the formalities prescribed by the statutes.

"No search warrant can lawfully be issued except in the cases and with the formalities prescribed by law. The principle that the forfeiture of property can be authorized only when all the formalities of the law are complied with in the search, seizure, and forfeiture proceedings, is generally recognized and adhered to."—19 Ency. Pl. & Pr. p. 325; 7 Mayf. Dig. p. 820.

What was said in the case of *Jones v. Baxter*, 146 Ala. 620, 621, and 622, 41 South. 781, 782 (119 Am. St. Rep. 54), is applicable and conclusive in this case. It is there said: "The single question is presented whether the court erred in discharging said levy, and that depends upon whether the sheriff of Geneva county had any right or authority to go out of his own county into

[Brown & Hagin Co. v. McCullough.]

Houston county, and levy the attachment in his hands on property situated wholly in the latter county.

"It is stated in Freeman on Executions, § 104, that: 'The execution may be regular, and in all respects valid when it was issued, and yet not authorize its service by the officer to whom it is delivered. By the rules of the common law, the writs of each court are only capable of enforcement within the territorial limits of its jurisdiction.  *  *  .*  So, when intrusted with the execution of a writ of his own county, the officer must remember that his authority under the writ is confined to the county. He has no legal power to levy on lands or property outside of the county. The acts of an officer outside of his county or bailiwick are unofficial and necessarily void unless expressly or impliedly authorized by some statute.' In this state we have no statute applicable to sheriffs to take them out of this common-law rule. The foregoing principle, as stated by Mr. Freeman, is supported, as appears in his notes to the text, by the decisions of the courts of many of the states.

"Mr. Herman, in discussing what levies are void, says, 'A levy made on property that is not subject to levy on execution is void,' and gives instances of such, the last one of which is, 'A levy upon property outside of the district or county of the officer holding the execution.'—Herman on Executions, § 168; *Street v. Mc-Clerkin,* 77 Ala. 580; *Stephenson v. Wright,* 111 Ala. 586, 20 South. 622."

The same is certainly true as to the writ of seizure in this case.

In attachment proceedings, and a fortiori, in seizure proceedings, the res must be within the jurisdiction of the court issuing the process, in order to confer jurisdiction. No court can subject property, outside of its jurisdiction, to its process.—*Douglass v. Insurance Co.,* 138

N. Y. 209, 33 N. S. 938, 20 L. R. A. 118, 34 Am. St. Rep. 448.    See, also, *Kress v. Porter,* 132 Ala. 577, 31 South. 377.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.