(124 So. 104)

**SHIRLEY et al. v. McDONALD.** (6 Div. 374.)

Supreme Court of Alabama. Oct. 10, 1929.

Davis & Curtis and R. A. Cooner, all of Jasper, for appellee.

Mullins & Jenkins, of Birmingham, for appellants.

GARDNER, J. Plaintiff sues the sheriff and the surety on his official bond in an action for false imprisonment, and from a judgment in his favor defendants appeal.

The complaint, consisting of three counts, was not subject to the demurrer interposed thereto. The averments sufficiently disclose an unlawful arrest and imprisonment of plaintiff by the deputy sheriff, who was

acting under color of his office and in the line and scope of his authority. Deason v. Gray, 192 Ala. 611, 69 So. 15; Id., 189 Ala. 672, 66 So. 646.

Appellants lay stress upon the averment of an arrest in Walker county, beyond the jurisdiction of the Jefferson county sheriff, citing Jones v. Baxter, 146 Ala. 620, 41 So. 781, 119 Am. St. Rep. 54; Brown v. McCullough, 194 Ala. 638, 69 So. 924. But the complaint further shows the continuance of such unlawful arrest into Jefferson county, and plaintiff's incarceration therein. In conformity to the exceptions of the statute applicable to Jefferson county (Gen. Acts 1923, p. 93), the complaint further averred a participation on the part of the sheriff, or that such arrest was made in compliance with his orders, or with his knowledge or consent. We find no error in the action of the court in overruling the demurrer, to the complaint. Nor was there error in the refusal of the affirmative charge requested by defendants.

Plaintiff's testimony discloses a clear case of mistaken identity, and from his evidence it would appear the warrant for his arrest from the Florida court did not correspond in name with his own, and that he made effort, without avail, to have the deputy first make inquiry and ascertain the mistake. From his further testimony as to conversation with the defendant sheriff just following the arrest, the jury could infer that the latter knew of and consented to his arrest and imprisonment, or that same was done in compliance with his orders. A jury case was presented, and the affirmative charge properly refused.

Plaintiff was subsequently turned over to the Florida authorities, and he was there imprisoned; but no evidence of any abuse of authority on their part other than the imprisonment. Such imprisonment was but a continuation of plaintiff's unlawful restraint of his liberty, and charge 2, requested by defendants, was properly refused.

The remaining question relates to the action of the court in denying defendants' motion for a new trial. No effort appears on the part of the surety to make defense, except through the defendant sheriff and his counsel, by whom the surety was also to be defended, and a reference to the former will suffice for all purposes.

The sheriff was not present at the trial. The court had ordered the sheriff of Walker county to notify defendant that the cause was to be tried, and defendant was at that time in Montgomery, and understood from the telephone conversation that the trial would proceed that day within an hour's time, and too late for him to reach Jasper. In fact the case was not called and tried until the following day. Defendant insists this confusion and ignorance as to the date of trial resulted from a neglect of the clerk to furnish defendant's counsel in Birmingham with a copy of the trial docket, or with notice of the date, as required by section 9487, Code of 1923, and stress is laid upon the case of Williams v. Tyler, 14 Ala. App. 591, 71 So. 51, reviewed in Ex parte Tyler, 198 Ala. 696, 73 So. 1002. There had previously been entered against defendants a judgment by default, which had been set aside, and after this was done defendants employed local counsel at Jasper to represent the defense in this cause. Defendants' local counsel had the trial docket in their office, knew of the date of trial, and participated therein. Whatever may be said of the question of neglect of the clerk, as argued by defendant, we see no escape from the application of the well-settled principle of law that knowledge of a fact by the attorney while in the authorized particular service of the client is imputed to the client, notwithstanding the client had no actual knowledge thereof. Silvey v. Cook, 191 Ala. 228, 68 So. 37; volume 3, Alabama and Southern Digest, p. 283.

Local counsel's knowledge, therefore, of the date of trial, must be imputed to defendant as a matter of law, and, such being the situation, we are of the opinion the statute and authority above noted, and upon which defendant relies, are without influence. In justification of local counsel, it should be noted that they duly notified by letter counsel in Birmingham of the trial date, and requested that defendant be informed. Counsel thus notified were counsel of record for defendant. Due to change of administration, other counsel in Birmingham were to make defense, and local counsel called their office on the day of trial, but they were not in. It appears, also, the trial court exercised much interest in having defendant notified that he might be present] He saw and heard the witnesses testify as to all these matters, as well as the question of defense to the suit. Upon due consideration of all the circumstances, and the knowledge of the trial date, which must by law be imputed to defendant, we are not persuaded the ruling of the trial court in denying the motion for a new trial should be here disturbed.

It results there is no reversible error in the record, and the judgment is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.