JULY 1830.

Perrine
v.
Warren, Administrators.

[a] Minor's Ala Rep. 321.

## MOORE v. DIAL.

1. Equity has no jurisdiction to relieve against a judgment, where the defence could be made at law, and the remedy there was unembarrassed.
2. And it is no ground for relief, that the pleas of the defendant were there rejected, the remedy in such case is to revise the decision at law.
3. Where the obligation of a bond is absolved by a recision of the contract on which it was given, an action on the bond may be defended at law.
4. And after a recovery at law, Chancery will not in such case order it to be cancelled or surrendered.
5. Nor will a discovery be compelled after judgment, where no sufficient reason is shewn why it was not applied for before the trial.
6. Although a defendant in Chancery has not demurred, or prayed in his answer the benefit of a demurrer to the complainants bill, he is not precluded from objecting to the want of equity in the bill.

In 1825, G. Moore filed his bill in Chancery, in Madison Circuit Court, against R. Dial. He charged, that in 1815, he executed his bond to said Dial, as guardian of Ga-

briel M. Clarke and Newton D. Clarke, in the penalty of $200, with a condition as follows: "The condition of the above obligation is such, that whereas the said G. Moore promises and binds himself to make unto the said Robert Dial and Elizabeth Dial his wife, or the longest liver of them, a life estate in one half of the north east quarter of section No. 11, in the township No. 1, in range 1, west of the basis meridian, and after their death to descend to the above named children, Gabriel M. Clarke and Newton D. Clarke, if he the said Dial shall refund unto the said Gabriel Moore, the purchase money on the said quarter section, then the foregoing obligation to be void, otherwise to remain in full force and virtue." The bill further charges that the true intent and meaning of the bond was, that the complainant, previous to the date thereof, had entered said quarter section of land, at $2 per acre, and had paid thereon fifty cents per acre to the Government, leaving $1 50 per acre unpaid; that while the land was in that situation, he sold it to the defendant, for the original government price, amounting to $160, and executed the bond to make title when the defendant should pay him that sum, which agreement was expressed and so understood by the terms in the bond, "if the said Dial shall refund unto the said Gabriel Moore, the purchase money." The complainant further alleges that the defendant failed to pay the $160, and afterwards proposed to the complainant that he should take back the land and pay for it himself, which he agreed to do; that Dial then gave up the land in pursuance of this last agreement, and that the complainant, paid for it, and had long since sold it to another person. He further charges that at the time of the said last mentioned agreement, Dial promised him that the bond should be given up to him; that relying on his promise, and knowing that by said last mentioned agreement the bond was inoperative and void, he neglected to take it up. That the defendant had never surrendered the bond, but had wrongfully brought an action at law thereon, and recovered a judgment against the complainant for $288 94 damages and costs; that the complainant appeared and pleaded to said suit, but the Court adjudged his pleas wholly unavailing at law. The complainant avers that he owes nothing to the defendant, and charges that several of the material facts are solely in the knowledge of the defendant. The prayer of the bill is for a discovery, for an injunction on the judgment at law, and for general relief. Upon a

.final hearing of the bill, on the answer and proofs, at the spring term 1825, the Court dissolved the injunction and dismissed the bill with costs. From this decree, Moore the complainant appealed.

HUTCHISON, for the appellant, argued, and cited 5 Johnson's Chancery Reports 44; 17 Johnson's Reports 384; 587; 4 Dessauss 422; Hardin 173; 1 Bibb 173; Cook 242, 110; 3 Haywood 88, 210, 219, 305; 1 Johnson's Chancery Reports 517; 4 Haywood 210.

HOPKINS, argued for the appellee.

By JUDGE COLLIER.* The view we take of the case does not render it necessary to examine the answer and proof.

In every Chancery suit, it is material to inquire whether equity has jurisdiction of the cause; for if it has not, no matter how meritorious in point of abstract justice the case may be, relief cannot there be afforded. Whenever the right is manifest, the jurisdiction is tested by inquiring whether the Courts of law are competent to afford an adequate remedy. It is a rule confessedly well established, that if the remedy be unembarrassed in these Courts, it cannot be sought in Chancery.

The grounds on which the interposition of equity is solicited, are understood to be these: 1st. The mutual stipulations for the payment of the purchase money and the conveyance of title, have been rescinded. 2nd. The pleas of the appellant in the suit at law were held not to be maintainable there. 3rd. To enable the appellant to defend himself against the bond, it is necessary that he should have a disclosure from the appellee.

1st and 2nd. If the appellant was absolved from the obligation and condition of his bond by a recision of the contract which it evidenced, his absolution formed matter of legal defence. The record does not discover the nature of the pleas pleaded by the appellant in the suit at law. We shall therefore consider whether the facts disclosed by the bill could be noticed by a Court of law, or are exclusively proper for the cognizance of Chancery. To have authorized the admission of evidence conducing to shew the contract at an end, it was not necessary to have plead-

_____

*This cause was argued at last term and retained under advisement till this term.

ed a release; to have sustained such a plea, an acquittance under seal would have been essential.    Nor was it necessary to have pleaded an *accord* and *satisfaction;* yet had such a plea been proper, it could not have been objected to proof in favor of it, that the contract was evidenced by writing under seal, and that therefore no evidence of an inferior grade was admissible to shew it to have been avoided.    Such an objection would come with some degree of propriety, if the appellants liability was deducible solely and originally from the bond and condition, but these impose no obligation upon the appellant, when taken by themselves, unconnected with other circumstances.    It is the payment of the purchase money by the appellee which imposes a duty upon the appellant, or rather makes absolute his conditional stipulations.[a]    The high dignity assumed for sealed instruments, by the more ancient adjudications, to a great extent, has yielded to more enlightened and liberal ideas of jurisprudence, but the most technical adjudications have never, so far as our researches admonish us, claimed for a writing of the character of that in question, an exemption from the rule we have just declared.

It has been conceded by the appellant in argument, that the provision of the statute of frauds which relates to contracts in regard to land, interposed no difficulty to a defence at law.    Such is our opinion, and we can conceive of no difficulty presented to a legal defence by reason of the grade of evidence by which it could be sustained; and we entertain no doubt but a plea embracing the facts disclosed in the bill, would be fully examinable in a Court of law.

It is certainly no ground for the interference of equity, that the appellant's pleas were held not to be supportable at law.    If the decision upon them was erroneous, the error should have been corrected in an appellate Court; Chancery cannot legitimately exercise revising powers.

It is however argued by the appellant's counsel, that it was not competent for the appellee, after having answered in chief, to object to a want of jurisdiction in equity; that such an objection was waived by his neglect to insist on it in his answer, or by his omitting to demur.    We do not believe this argument to be well founded.    Jurisdiction cannot be conferred either by an implied acquiescence in the proceedings of the Court, or an express consent.    This rule is now too well established upon principle, to be shaken by an occasional opposite authority.

JULY 1830.

Moore
v.
Dial.

..It would not be compatible with the principle on which Chancery lends her aid, to interfere now for the purpose of directing the bond to be delivered up to be cancelled. The judgment of a Court of adequate powers has declared that the appellant is liable to pay its penalty, and until that judgment is abrogated, equity cannot be properly asked to coerce its delivery or cancellation. If the bond had never been put in suit, or if a suit had been unsuccessfuly prosecuted upon it by the appellee, and notwithstanding which, he retained possession of it, Chancery might interpose for the purpose of having the bond cancelled in these cases, and such is the authority.[a]

[a] 1 Johns. Ch. Rep. 517.

3rd. Chancery cannot entertain a bill for discovery after a judgment at law, where the facts sought to be elicited form matter of legal defence, unless an excuse is offered for not having exhibited it at an earlier period. Having shewn that the defence at law was free from difficulty and doubt, the appellant is not entitled to a hearing in equity upon suggestion of a deficiency of legal proof.

We are at a loss to conceive how the appellee obtained a judgment against the appellant upon his bond, unless he proved that he had paid the purchase money in pursuance of his undertaking. We can only account for it upon the hypothesis, that the record did not present the condition to the view of the Court.

Having examined the questions presented, we are of opinion that the decree must be affirmed.

Decree affirmed.