Brewer *vs.* Jones.

44 71
103 54J
44 71
108 598

WILLIAM H. BREWER, plaintiff in error, *vs.* WILEY JONES, defendant in error.

When, by mistake of a magistrate in failing to mark the name of counsel to the defense of a suit pending in his Court, judgment was obtained against the defendant, and such defendant, under a mistake and ignorance of the facts, let the time elapse for appeals, and filed his bill, stating the facts of the mistake, and also that he was not liable for the debt sued, it being, as he alleges, a promise to pay the debt of another under conditions, which is denied by the defendant to the bill, and upon hearing the evidence the Court refused the injunction:

*Held,* That the Court erred under the facts alleged in the bill. The judgment having been obtained by mistake, equity had jurisdiction, and the fact of the liability was a question for the jury upon the evidence, and it was the duty of the Court to have restrained the levy under such judgment, until the hearing upon all the facts and evidence in the case.

Mistake. Tried before Judge CLARK. Sumter county. Chambers. September, 1871.

This was a bill for injunction under this statement of alleged facts: Jones sued Brewer for Amos' board, for which Brewer was not liable, for reasons specified. Brewer employed an attorney to defend the suit, and told the Justice of the Peace, before whom the suit was pending, who his attorney was, and asked him to mark his name upon the docket. This was the usual way of pleading in said Court. Brewer's attorney was going away, and sent to the Justice for leave of absence, which he granted. By mistake, however, the Justice had marked Brewer's attorney for the plaintiff, which was not known to Brewer or his attorney.

Mr. Lumpkin was plaintiff's counsel, and when the cause was called, though he knew Brewer's attorney had leave of absence, took a judgment, not knowing that the cause was to be defended. *Fi. fa.* has issued and been levied upon Brewer's property. The Chancellor ordered Jones to show cause why the injunction should not be granted. He answered, claiming that Brewer was liable for said board, denying his

defense to the action, and denying that his attorney had any leave of absence from the Court.

At the hearing, affidavits were read in support of the respective sides. By an affidavit of the Justice, it appeared that though the attorney's messenger had not gotten leave of absence, the Justice knew that the attorney had gone to marry, and would not have taken up the case had he not, by mistake, marked his name for plaintiff, and supposed the case was in default. The attorney swore that he supposed his name was properly marked, and that he had leave of absence, and did not find out that judgment had been entered till it was too late to appeal. There were affidavits as to the merits of the defense, but they are useless here. The Chancellor refused the injunction, and that is assigned as error.

J. A. ANSLEY, by the REPORTER, for plaintiff in error.

S. LUMPKIN; JACK BROWN, for defendant.

LOCHRANE, Chief Justice.

It appears from the facts in this case that the magistrate failed to mark counsel's name to a case pending before him, and owing to the mistake a judgment was entered up. The defendant being ignorant of what transpired, permitted the time for entering an appeal to elapse, and this bill was filed to restrain the levy under the judgment. The Court below refused the injunction, and that is the ground of error assigned. By this bill the facts going to show the mistake made by the magistrate are detailed, and also the merits of the case presented, by which the complainant avers that he was not liable for the debt; that it was a conditional promise to pay the debt of a third party, and the conditions had not been carried out. The answer of the defendant denies the conditions set out in the bill.

We think, under all the facts of this case, that the Court

erred in refusing an injunction. The main ground we put it on is the mistake by which the judgment was obtained. Equity has jurisdiction over matters of mistake, and we think the detail of facts in the bill made out a case for equitable interposition until the hearing could be had on the evidence in the case. As to the merits, we do not now entertain that question further than to say the fact of liability was a question for the jury, and we reverse the judgment of the Court below, to let the parties have a hearing upon all the facts and evidence in the case.

Judgment reversed.