# Rose *v.* Gunn.

*Bill in Equity by Partnership Creditor, against Administrators and Heirs of Deceased Partners.*

1. *Rights of surviving partner.*—After the dissolution of a partnership by the death of one of the members, the survivor can not bind the estate of the deceased, by any note, acknowledgment, or admission, though he may bind himself individually, and thereby authorize a partnership creditor to pursue the partnership assets in his hands; and on a subsequent settlement by him with the personal representative of the deceased, it is incumbent on him to show that the debts, to the payment of which he applied the partnership assets, were the debts of the partnership.

2. *Partnership creditor, proceeding against estate of deceased partner.*— When a creditor seeks to subject the estate of a deceased partner to the payment of an alleged partnership debt, he must show that it was contracted by the partnership during its existence, and it is not sufficient to prove a written acknowledgment by the survivor, the institution of an action at law against him, and the recovery of a judgment against his personal representative.

3. *Rights and remedies of partnership creditors.*—A partnership creditor, as such, has no lien on the partnership assets, though the lien of the surviving partner may, in a proper case, be made available in his favor ; yet, if the surviving partner transfers the partnership effects to the personal representative of the deceased, in settlement of the partnership matters between them, this lien is extinguished, and there is none to which a partnership creditor can be subrogated.

4. *Same.*—Although a partnership creditor has no remedy against the partnership effects in the hands of the personal representative and heirs of the deceased partner, to whom they have been transferred by the survivor; yet he may maintain an action at law against the personal representative, or a bill in equity to enforce payment out of the estate of the deceased partner.

APPEAL from the Chancery Court of Lawrence.
Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 29th of September, 1881, by J. J. Rose, claiming to be a creditor of the late partnership of Gunn & Watts, which was composed of Joseph F. Gunn and W. T. Watts, against the personal representatives and heirs of said Gunn and Watts, with other persons ; and sought to enforce payment of the complainant's debt out of certain moneys and property in the hands of the defendants, which was claimed to be liable to it.

The firm of Gunn & Watts carried on a mercantile business at Hillsboro, in said county, and was dissolved in 1872, or 1873, by the death of said Gunn, on whose estate letters of administration were granted, soon after his death, to Jackson Gunn, his brother. W. T. Watts, as surviving partner, continued in possession of the assets of the firm, and transferred to said Jackson Gunn, after his appointment as administrator, notes and accounts belonging to the firm, on which said administrator collected about $900. The complainant, having had business dealings with the firm of Gunn & Watts, claimed that the firm was indebted to him in the sum of about $500 ; and on the 5th March, 1875, he instituted an action at law against said Watts, as the surviving partner. The cause of action, as described in the complaint, was $500.55, "due by said. defendant's acknowledgment in writing, signed by him on 27th December, 1874, with interest thereon ; " also, the same sum, "due by account stated between plaintiff and defendant on the 27th December, 1874." The cause was submitted to arbitration, but no entry of record was made showing the submission. The death of W. T. Watts was afterwards suggested, and the cause was revived against James D. Watts as his administrator ; and at a subsequent term, in September, 1879, the arbitrators having submitted their award in favor of the plaintiff, for $362, judgment was rendered in his favor for that sum, against said James D. Watts, as administrator. On this judgment an execution was issued, which was returned "No property found ; " and the bill alleged that the estate of said W. T. Watts was insolvent, that said James D. Watts was insolvent, and that the sureties on his official bond as administrator were worthless.

The firm of Gunn & Watts owned the store-house in which their business was carried on ; and in March, 1880, said Jackson Gunn, as administrator, filed his petition in the Probate Court, asking an order to sell this house and lot for the purpose of making an equitable division or partition between the estates of the two deceased partners. The administrator of the estate of said W. T. Watts, his widow and children, were made defendants to this petition. The order of sale was granted, as prayed, and commissioners were appointed to make

[Rose v. Gunn.]

the sale. The sale was made, said Jackson Gunn becoming the purchaser, at the price of $340; was reported to the court, and by it confirmed. One half of the purchase-money was paid in cash, and the purchaser gave his note for the residue, with sureties, payable January 1, 1881. The commissioners were made defendants to the bill, which sought to enjoin them from paying over the money in their hands, or collecting the note when due, and to appropriate the money to the complainant's judgment. It was alleged, also, that the partnership of Gunn & Watts owed no other debt than that due to the complainant, and was not insolvent, but that its only assets were the moneys arising from the sale of the store-house and lot, and the moneys which Jackson Gunn had collected as administrator, on the notes and accounts transferred to him by said W. T. Watts, and which he had paid over to the widow and children of his intestate; and the bill prayed that these moneys might be subjected to the payment of the complainant's debt.

There was a demurrer to the bill, assigning several specific grounds of demurrer, and also a motion to dismiss for want of equity; each of which was overruled and refused by the chancellor. But, on final hearing on pleadings and proof, he dismissed the bill; and his decree is now assigned in error.

CABANISS & WARD, for appellant.—(1.) The court had jurisdiction to enforce payment of the partnership debt, out of the partnership assets disbursed.— *Waldron v. Simmons*, 28 Ala. 629. (2.) The distribution of the partnership assets, without payment of the partnership debts, was, at least constructively, a fraudulent distribution of them; and a partnership creditor has the right to pursue them in equity under a creditor's bill. (3.) The surviving partner represented the partnership, but his administrator did not.—Parsons on Partnership, 447. In *Bartlett & Waring v. Gayle*, 6 Ala. 305, the contest was between purchasers of partnership property after dissolution—one under a deed of trust executed by the surviving partner, to secure payment of a note given by him for a partnership debt; and the other under an execution on a judgment against the surviving partner, founded on a partnership debt. Sale under the execution was enjoined by a stranger to the judgment, and the injunction was dissolved. The question was, whether the injunction suspended the lien, and thereby gave priority to the deed of trust, which was executed after the rendition of the judgment. The court held that it did not, and gave priority to the judgment lien, because it was the older; but no doubt was intimated as to the validity either of the deed of trust or of the judgment. (4.) The statute of limitations can not affect the complainant's right to have his debt

[Rose v. Gunn.]

paid out of the partnership assets improperly distributed to Gunn's administrator.—*Espy v. Comer*, 76 Ala. 501, citing 7 Paige, 26; 12 N. H. 461; 32 N. H. 167; 5 Gray, 106.

W. P. CHITWOOD, *contra*.—(1.) The complainant's judgment was not a partnership debt. After the dissolution of a partnership, one partner can not renew a promissory note by signing the partnership name, and thereby bind the other partners. After dissolution, the authority of one partner to bind another ceases.—*Lang's Heirs v. Waring*, 17 Ala. 156; *Cunningham v. Bragg & Co.*, 37 Ala. 437; *Myatts & Moore v. Bell*, 41 Ala. 231; *Jeffries v. Castleman*, 75 Ala. 262; *Espy v. Comer*, 76 Ala. 501. (2.) The original account against the partnership, on which the judgment was founded, is barred by the statute of limitations; and the statute is pleaded. (3.) The complainant had no lien, as a partnership creditor, on the partnership assets; and the division of the assets between the survivor and the administrator of the deceased partner, before the bill was filed, is fatal to the relief sought.—*Evans v. Winston*, 74 Ala. 349; *Hart v. Clark*, 54 Ala. 494; *Mayer v. Clark*, 40 Ala. 259.

CLOPTON, J.—The partnership of Gunn & Watts was dissolved by the death of Gunn, which occurred about April, 1873. After dissolution by death, the surviving partner has no authority to make any note, acknowledgment or admission, that will bind the estate of the deceased partner. Having the title and the management of the partnership effects, for the purpose of settling its affairs, the surviving partner may make an admission which will bind him individually, and authorize the admitted creditor to pursue the partnership property in his hands. But, in a settlement with the personal representative of the deceased partner, it is incumbent upon the survivor to show that the debts, to the payment of which he has applied the assets, are proper debts of the partnership; and if the creditor seeks to subject the estate of the deceased partner, he must establish a debt contracted by the partnership during its existence.—*Cunningham v. Bragg*, 37 Ala. 436; *Myatt v. Bell*, 41 Ala. 222; *Jeffries v. Castleman*, 75 Ala. 262.

The evidence offered to prove the claim of complainant consists of a written acknowledgment of the surviving partner, the suit instituted against him as such, the award of the arbitrators to whom the matter of indebtedness was referred pending the suit, and the subsequent judgment against the personal representative, the surviving partner having died during the pendency of the suit. The evidence may be sufficient to establish a claim, binding on the surviving partner; but the present is a new, distinct, and original proceeding against

[Rose v. Gunn.]

a new party, and, as against such new party, the complainant's debt must be proved in the same manner as if there had been no admissions by the surviving partner, nor judgment against him.—*Moore v. Southwick*, 2 Por. 351.

It appears that the surviving partner, during his life-time, turned over a portion of the partnership assets to the administrator of Gunn, as the amount to which his estate was entitled. It is insisted, that the complainant, having established his debt against the surviving partner, is entitled to subject the effects thus turned over, to its payment. The title to such relief can be based only on the theory, that the complainant has a lien, which a court of equity will enforce. Though the lien, which the partners themselves have, may be made available in favor of a creditor, in a proper case, a partnership creditor, as such, has no lien. One partner may sell the firm property to his co-partner, and the sale, if *bona fide*, vests the exclusive title in him. If, in settlement of the partnership matters, and of his liability to account, the surviving partner transfers partnership effects to the administrator of the deceased partner, his lien is extinguished, and there is none to which a creditor can be subrogated.—*Mayer v. Clark*, 40 Ala. 259; *Reese & Heylin v. Bradford*, 13 Ala. 837. While the assets remain undisposed of by the surviving partner, they may be utilized in paying the partnership debts; but, when he has disposed of them, whether to a third person, or to the representative of the deceased partner in satisfaction of his liability, the exclusive title vests in his transferree. An execution, issued on a judgment against the personal representative of the surviving partner, acquires no lien on partnership effects disposed of by him in his life-time.

The complainant having no lien, either as a partnership creditor, or by virtue of his execution, his remedy is a suit at law against the personal representative of the deceased partner, as authorized by statute, or a bill invoking the exercise of the original jurisdiction of a court of equity, to enforce the payment of a partnership debt out of the estate of a deceased partner.— *Waldron v. Simmons*, 28 Ala. 629. In either case, the title to a recovery must be founded on the personal liability of the deceased partner, and an original indebtedness, contracted by the partnership during its existence, must be proved. The court will not pursue partnership effects, turned over to the administrator of the deceased partner as his share thereof, and subject them to the payment of a debt, only established by the admissions of the surviving partner after the dissolution. Though a surviving partner may, by force of his title and right to possession, recover from the administrator of a deceased partner partnership property, which was in the hands of the

[Watson v. Prestwood & Fletcher.]

decedent at the time of his death; when a creditor seeks to subject such property, by direct proceeding against the personal representative, he must prove his debt by the same kind of evidence necessary to subject the individual estate of the deceased partner. The proof, shown by the record, did not authorize a recovery against the administrator or heirs of the deceased partner.

The store-house and lot was partnership property. The complainant having established his debt as against the surviving partner, and having reduced it to judgment against his personal representative, and his estate being insolvent, is entitled to subject Watts' share of the undistributed proceeds of the sale of the store-house and lot.

The decree of the chancellor is reversed, and a decree will be here rendered, dismissing the bill as to the administrator and heirs and distributees of Gunn, and ordering a reference to the register to ascertain the amount of the proceeds of the sale of the store-house and lot undistributed, and W. T. Watts' share thereof.

Reversed and rendered.