# Middleton *v.* Foshee.

### *Bill to Enforce Equitable Set Off.*

(Decided May 13, 1915.　68 South. 890.)

1. *Judgment; Equitable Set-Off; Grounds.*—The existence of a set-off would not authorize an equitable interference with the enforcement of a judgment, although the judgment plaintiff is insolvent. where it does not appear that the defendant could not have availed himself of the set-off in the action wherein the judgment was obtained.

2. *Set-Off and Counter-Claim; Basis; Debt or Demand.*—Damages sustained by the lessor of a farm contracted to be cultivated on shares and of cattle and hogs, the increase of which was to be divided, in respect to animals and crops caused by defendant's drunkenness and lack of diligence in executing his part of the contract, being susceptible of accurate ascertainment, and not speculative, constituted a debt or demand not sounding in damages merely within section 5859, Code 1907, and were therefore available as a set-off in an action at law.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Bill by J. H. Middleton against E. H. Foshee to enforce an equitable set off against a judgment at law. Decree for respondent, and complainant appeals. Affirmed.

MIDDLETON & REYNOLDS, for appellant.

SMITH & GERALD, for appellee.

SAYRE, J.—The bill in this cause was filed on the equity side of the circuit court of Chilton county to secure the benefit of a set-off against a judgment defendant had obtained against complainant. Complainant avers that his claim was a valid and subsisting claim against defendant at the time the latter filed his suit in the law court and at the time the judgment was rendered. He

also avers that defendant was and is insolvent. The court below sustained a demurrer to the bill and ordered the dissolution of the injunction, suspending execution of the judgment, which had been granted upon the filing of the bill.

(1) No reason of equitable cognizance is shown by the bill why complainant did not interpose his claim of set-off in the action at law. On the bill as it stands it must be presumed that he merely neglected to do so. As for aught appearing he might have availed himself of his set-off, and such being the case, it seems to be settled by authority and the consistent practice of this court that the insolvency of the plaintiff in judgment, defendant here, without more, does not furnish sufficient ground for equitable interference. This rule, and the reason for it in cases of this character, are stated at length in *Foster v. State Bank,* 17 Ala. 672, and *Pearce v. Winter Iron Works,* 32 Ala. 68. So far as we have been able to learn, the rule there laid down has been since followed in this court.—*Nelms v. Prewitt,* 37 Ala. 389; *Watts v. Sayre,* 76 Ala. 397; *Owen v. Gerson,* 119 Ala. 217, 24 South. 413; *Evans v. Mackey,* 189 Ala. 283, 66 South. 3.

Complainant (appellant) relies upon a line of cases beginning with *T. C. & D. R. R. Co. v. Rhodes,* 8 Ala. 206, and running down to *Dunham Lumber Co. v. Holt,* reported in 123 Ala. 336, 26 South. 663, and 124 Ala. 181, 27 South. 556. None of these cases impair in the least the doctrine that equity will not interfere to establish a legal set-off against a judgment, where the judgment debtor had the opportunity but failed to interpose his claim of set-off in the action at law. For example, in the first-mentioned case complainant's claim was not available under the statute of set-off in the law court, for the reason that it was not a subsisting de-

mand when the action was brought.—*White v. Wiggins*, 32 Ala. 424, must have been a case of the same character, for it cites the eighth Alabama case and was written by the judge who wrote *Pearce v. Winter Iron Works*, and about the same time. In *Martin v. Mohr*, 56 Ala. 221, an insolvent mortgagee was proceeding to foreclose under the power notwithstanding the mortgagor had offered to set off a just claim. In *Dunham Lumber Co. v. Holt*, the set-off was sought against an award made in pursuance of an arbitration agreement under which the arbitrators had no authority to allow the set-off. But we need not further state the cases. They all recognize the rule of *Pearce v. Winter Iron Works*.

(2) But appellant contends that his claim was not the subject of set-off in the law court, because it sounded in damages merely.—Code, § 5858. "A debt or demand, 'not sounding in damages merely,' is one which, when the facts upon which it is based are established, the law is capable of measuring accurately by a pecuniary standard."—Code, § 5859. The damages claimed by way of set-off are alleged to have accrued to appellant by reason of defendant's drunkenness and lack of diligence in the execution of a contract by which appellant let to him a farm, to be cultivated on shares, and cattle and hogs, the increase of which was to be divided between them. Defendant agreed to devote his entire time to the farm and stock and to reimburse appellant for any injury done or suffered on account of his negligence or mismanagement out of his share of the crops and stock. The averment is that the crops failed for lack of attention, and that the cattle and hogs were neglected, so that some of them died, while the rest had to be disposed of at a great loss. No exemplary or punitive damages are claimed or claimable.

Section 5859 of the Code defines the phrase "sound-

268 SUPREME COURT [Vol.

ing in damages merely" as it had been previously defined in our cases.—*Holley v. Younge,* 27 Ala. 203; *Rosser v. Bumm,* 66 Ala. 89, and cases there cited; *Nelms v. Hill,* 85 Ala. 583, 5 South. 344; *Johnson v. Aldridge,* 93 Ala. 77, 9 South. 513. If appellant has any remedy for loss sustained in respect of his cattle and hogs, other than that of which he has availed himself by selling them and retaining the proceeds, it is clear that such damage may be accurately liquidated by an ascertainment of the value of the animals lost and the decrease in the value of the rest. As for the damage claimed by reason of the loss of crops, this court has definitely committed itself to the proposition that it is not speculative.—*International Agr. Corp. v. Abercrombie,* 184 Ala. 244, 63 South. 549, 49 L. R. A. (N. S.) 415, where a plea proposing a set-off of such damage was allowed. It is considered that the value of crops that might have been produced by diligent cultivation is a proveable fact. The damage in this case would be measured by appellant's interest in the difference between the crops that might have been, and those that were in fact, raised. These facts ascertained, there is no sort of difficulty in measuring the damage. There is then no reason of equitable cognizance why appellant could not have had the benefit of his alleged set-off in the action at law. There is hence no equity in his bill, and the injunction was properly dissolved.

Affirmed.

ANDERSON, C. J., and MCCLELLAN and GARDNER, JJ., concur.