154 So. 816

**HANOVER FIRE INS. CO. v. STREET et al.**

**8 Div. 555.**

Supreme Court of Alabama.

April 12, 1934.

Rehearing Denied May 31, 1934.

Coleman, Spain, Stewart & Davies, of Birmingham, for appellant.

W. R. Bradford, of Guntersville, for appellees.

KNIGHT, Justice.

Bill by the Hanover Fire Insurance Company against the appellees, O. D. Street, Sr., and John C. Street, to vacate and annul a judgment obtained by the appellees in the circuit court of Marshall county against the appellant; to enjoin the appellees from proceeding to enforce the collection of said judgment, pending a final determination of this cause; to have the court to declare and to decree that there was no valid contract or agreement between the appellant and appellees to insure the building, for the damage of which by fire the judgment was obtained; and for the allowance of an alleged equitable set-off, and for general relief.

For a proper understanding of the case, and our conclusion thereon, we deem it necessary that at least some of the salient facts, upon which the complainant bases the prayer for relief, should be stated.

It appears that the appellant is a foreign corporation, doing an insurance business in the state of Alabama; that the appellees owned a house and lot in the town of Guntersville; that the dwelling upon said lot was damaged by fire on January 28, 1929; and the owners of said property claiming that the appellant, insurance company, had insured, or contracted to insure, said property against loss or damage by fire, at the time the fire occurred, instituted suit against appellant in the circuit court of said county to recover for the loss sustained by them by reason of said fire.

The suit at law by the appellees was filed on November 4, 1930, and on November the 21st, same year, the defendant in said suit made appearance in the case, by attorneys, and filed demurrers to the complaint.

The appellant was represented in said suit by a firm of lawyers who were nonresidents

of the county, and who resided in Birmingham, Ala. The fact that said attorneys were nonresidents of Marshall county, and that they resided in Birmingham, Ala., was known to the clerk of the court in which said cause was pending.

In transmitting the defendant's demurrer to the clerk of the circuit court at Guntersville, the defendant's attorneys wrote the clerk as follows:

"Re—O. D. Street, Sr., et al. v. Hanover Fire Ins. Co.

"We herewith enclose demurrers to the complaint in this case and also original copy of the interrogatories to be propounded to each of the plaintiffs, and ask that you kindly file same and acknowledge receipt.

"We also ask that you kindly keep us advised from time to time as to when this case will be set for trial, settling of pleading, or otherwise."

This letter was returned by the clerk with the following notation made by that officer: "Filed, November 21, 1930, Woodie Lewis, Clerk."

It is further made to appear that on the 18th day of January, 1931, the plaintiffs in the suit at law filed an amendment to their complaint, and that a copy of said amendment was mailed to the defendant's attorneys at Birmingham by O. D. Street on January 17, 1931. There is no doubt about the receipt by said attorneys of the copy of the amendment.

▇ It is averred that said suit at law was set for trial on April 1, 1931, "without any notice or knowledge to your complainant or its attorney, and that your complainant and its attorney had no notice or knowledge of any nature or kind that said cause was set for trial on said day." That the clerk of the court did not notify the defendant or its attorneys in any manner whatsoever that said cause was set for trial, at the term or session of the court at which the judgment was rendered, is averred in the most positive terms; and these averments, on demurrer, we must take and treat as true.

It appears that the circuit court of Marshall county was in session, trying causes with juries on April 1, 1931, and on said day the court, Hon. Paul Speake, judge of the Twenty-Third judicial circuit, presiding, rendered a judgment, nil dicit, in favor of the plaintiffs in said cause against the defendant therein, the Hanover Fire Insurance Company, for the sum of $1,740.

It also appears from the bill of complaint that the appellant's attorneys were fully aware at the time, and prior thereto, of the fact that a term of the court was being held in Marshall county, trying litigated law cases; but the appellant alleged in its bill, as amended, that neither it nor its attorneys had notice or knowledge of the rendition of said judgment until on or about October 5th thereafter, and that it acquired this information from a letter written by Hon. O. D. Street to its attorneys, with reference to the payment of said judgment. In this connection, it is averred: "Your complainant is further informed and believes, and upon such information and belief avers a fact to be, that after nil dicit judgment was entered in said cause at law, the respondents to this cause requested and caused the clerk of the Circuit Court of Marshall County, Alabama, to withhold any execution on said judgment and caused said clerk not to give any notice to your complainant or its attorneys of record until six (6) months had elapsed from the rendition of said judgment, and until after all remedies and rights of your complainant to have said judgment set aside, or to appeal from said judgment, had lapsed or expired; and your complainant avers that by reason of said facts it was deprived of the right to defend said suit; and your complainant was deprived of his day in court; and your complainant does not now have an adequate remedy at law, and its only remedy exists in a court of equity."

The appellant avers in terms, in its bill, its freedom from negligence, and that it was prevented by fraud, accident, surprise, or mistake from making its defense to the suit.

We deem it unnecessary to go further into a detailed statement of the facts relied upon to sustain the equity of the bill.

Among other grounds for relief against said judgment, the complainant insists that the judgment should be set aside for the failure of the clerk to give it, or its attorneys, the notice required by section 9487, Code, and particularly the clerk's failure to comply with the following provisions of said section: "In civil cases, the clerk of the court shall notify attorneys of record who reside outside of the county of the day their case or cases are set for trial, which notice may be given either by letter or by mailing a copy of the docket of the court." We will take up and consider this insistence at a subsequent place in this opinion, after disposing of other contentions made by appellant.

▇ It is urged by appellant that the judgment should be declared void, and vacated, be-

680

cause the record shows that the session or term of the court, at which the judgment was rendered, was presided over by the Hon. Paul Speake, judge of the Twenty-Third judicial circuit of Alabama, and not by the Hon. A. E. Hawkins, the judge of the circuit court of Marshall county. That there was nothing in the records of the Marshall county circuit court to show that said Hawkins was incompetent, or disqualified to preside upon the trial of said cause, nor did the records disclose any order of the Chief Justice of this court, directing the said Speake to hold said term of the court; and that the record also disclosed no appointment by the Governor of Alabama appointing Judge Speake to hold said court.

In support of its contention that Judge Speake was without authority to hold said court, appellant cites the cases of Ex parte City Bank & Trust Co., 200 Ala. 440, 76 So. 372; Darling v. Hanlon, 197 Ala. 455, 73 So. 20. Appellant also relies upon section 160 of the Constitution, and sections 6719 and 6720 of the Code.

There is manifestly no merit in the above-stated contention. The appellant entirely overlooks section 144 of the Constitution, which authorizes judges of the circuit court to hold court "for each other when they deem it expedient." We would be justified in assuming that Judge Hawkins deemed it expedient to have Judge Speake to preside over the court at the time the judgment was rendered. However, it is not even necessary to indulge this assumption, as Judge Speake was, and is, one of the duly elected and qualified circuit judges of this state, and he was presiding over a regularly called and designated term of the court. His acts cannot, while so presiding, be called into question as attempted in this case.

It is also insisted that the court improperly overruled appellant's (defendant's) demurrer to the complaint filed in the suit at law. If so, it would be a mere irregularity, reviewable on appeal, and cannot be made the basis for a bill to annul or vacate the judgment as in this case attempted.

In Freeman on Judgments, vol. 3 (5th Ed.), the author thus states the law on the subject of "Errors or Irregularities": "The sufficiency of the declaration, complaint or other similar pleading as a statement of a cause of action is a matter either expressly or impliedly determined by the court rendering the judgment, and equity will not interfere on the ground that the facts pleaded were not such as to constitute a cause of action. * * *

There must always be some special ground of relief other than error of law."

The foregoing statement of the rule received the sanction and approval of this court in one of our earliest decisions, and if the case has been departed from, or qualified, that fact has not been brought to our attention. Moore v. Dial, 3 Stew. 155.

As to the equitable set-off urged as a ground for relief in this cause, we may dismiss this feature of the bill with the simple observation that no equitable set-off is shown to exist. If the complainant had any claim or demand against the plaintiff, it was, and is, of purely legal cognizance, and can still be enforced in a court of law. The existence of such a set-off would not authorize equitable interference with the enforcement of the judgment. Middleton v. Foshee, 192 Ala. 265, 68 So. 890.

It is also urged that O. D. Street, one of the plaintiffs in the judgment, and who was and is an attorney at law, was guilty of such conduct, in not advising the defendant's attorneys of the setting of the case for trial, as to amount to fraud. There is no merit in this contention. The facts averred showed no duty, or breach of duty, on the part of Mr. Street to volunteer any information to opposing counsel in the case. His failure to advise counsel for defendant, under the facts averred in the bill, cannot be made a just predicate for a charge of fraud.

In the case of Amherst College v. Allen, 165 Mass. 178, 42 N. E. 570, it is observed: But a party's failure to make a timely application for a writ of review is not excused by the action of the adverse party in not notifying him of the judgment, where notice was not required, and in refraining from enforcing the judgment until after the lapse of the statutory period for review.

However, we may say here that the facts—not the deductions of the pleader—averred in the bill do not show the slightest tinge of fraud or misconduct, nor the semblance of either, on the part of Mr. Street, either in representations made by him, or in acts done by him, or as to any silence maintained by him.

There is no merit in any of the appellant's asserted grounds for relief against the judgment, saving and excepting the one now to be considered, viz., the failure of the clerk of the circuit court to notify the attorneys for the appellant (defendant in the law case) of the day the law case was set for trial. On this point, the averments of the

bill are full, and specific, meeting every requirement of the law and of good pleading.

That the attorneys of record of the defendant resided outside of Marshall county; that their address and place of residence were fully known all the while to the clerk of the court, abundantly appear from the averments of the bill. That the clerk, whose official duty it was to notify the attorneys of the defendant of the day set for the trial of the cause, failed to perform this duty, is averred in the most positive terms. The demurrer admits these facts, well and fully pleaded, to be true.

That a court of equity has the undoubted jurisdiction to set aside, and to enjoin the enforcement of, a judgment at law procured through fraud, accident, or mistake, when the complaining party has a meritorious defense to the action, and was without negligence himself in permitting the rendition of the judgment, cannot be questioned. In this holding there is unanimity of opinion. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Nixon v. Clear Creek Lumber Co., 150 Ala. 604, 43 So. 805, 9 L. R. A. (N. S.) 1255; Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 213; Rose v. Gunn, 79 Ala. 415; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440; Fowler v. Nash, 225 Ala. 613, 144 So. 831; Choctaw Bank v. Dearmon, 223 Ala. 144, 134 So. 648; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417.

The general rule is: "Equity will not interfere with a judgment at law, or re-open the litigation unless a defense at law was prevented 'because of accident, or the fraud or act of his adversary, unmixed with fault or negligence' on the part of the complaining party." Waring v. Lewis, 53 Ala. 615; Duckworth v. Duckworth's Adm'r, 35 Ala. 70; 2 Story's Eq. Jur. §§ 887, 888; DeSoto Coal, Mining & Dev. Co. v. Hill et al., 188 Ala. 667, 65 So. 988.

In the case of Waldrom v. Waldrom, 76 Ala. 289, it was observed: "A proper and due regard for the peace and interests of society requires strictness and caution in exercising the power to disturb the decrees and judgments of other courts of competent or concurrent jurisdiction, and re-opening controversies, which it is the policy of the law to quiet. * * * To successfully invoke. the interposition, it is not sufficient that wrong has been done, but it must be manifest that the wrong occurred because of accident, surprise, fraud, or the act of the opposite party,

and without fault or neglect on the part of the party complaining."

And the rule, steadfastly adhered to, allowing parties to appeal to chancery against a judgment in another court, is of great strictness and inflexibility, and justly so, otherwise the jurisdiction of courts of equity would supplant that of all other tribunals. Watts v. Gayle, 20 Ala. 817; DeSoto Coal, Mining & Dev. Co. v. Hill et al., 188 Ala. 667, 65 So. 988.

The averments of the bill in this case show that the complainant had a meritorious defense, if true; that the complainant (defendant in the law case) was prevented by the failure of the clerk of the circuit court to notify its attorneys of the day set for trial, as he was under duty to do; and it avers the complainant's freedom from fault or negligence in not appearing at the trial to interpose its defense.

Do the facts averred, as to freedom from · fault or negligence on the part of counsel for the defendant in the law case, support the conclusion of the pleader in that regard? We are forced to conclude that, on the averments of the bill, the attorneys for the defendant were absolved from negligence, and that the bill presents, in the aspect under consideration, a case justifying equitable relief. And why?

The law is a reasonable master. In its procedure, it is orderly and consistent. In its administration, it neither requires nor expects litigants to distrust its sworn ministers. Nor will it—observing rules of consistency— impute negligence to a suitor because he relied *upon the law*, and upon its faithful observance by officials charged with the duty of complying with its provisions.

"A mistake of fact, provided it be honest and genuine, and such as a man might reasonably make, will be a sufficient excuse for not defending an action at law; and will warrant a court of equity, if the judgment be against conscience, in enjoining its enforcement." 23 Cyc. 1012 (x, b, g, d); Brewer v. Jones, 44 Ga. 71; Black on Judgments (2d Ed.) §§ 335, 345, 381.

"As a general rule, any fact, which clearly proves it to be against good conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself there, but was prevented by *fraud or accident*, unmixed with any fault or negligence in himself or agent, will authorize a court of equity to enjoin the adverse party from enforcing such judgment." (Italics sup-

plied.) 23 Cyc. 991 (x, b, 1); Foshee v. McCreary, 123 Ala. 493, 26 So. 309; Watts v. Gayle, 20 Ala. 817; Stinnett v. Branch Bank of State at Mobile, 9 Ala. 120; 23 Cyc. 1010 (x, b, 9).

There is a striking analogy between the case at bar and the case of Williams v. Tyler, reported in 14 Ala. App. 591, 71 So. 51. In the Williams Case the facts were: A custom had prevailed, and was universal in the courts of Jefferson county, Ala., for the clerks of each of the courts of said county to issue a printed docket containing the names of the cases set for trial in said court, with the names of the attorneys; and during all of such time, it had been the custom of the bar to rely upon such printed docket for the notice of the setting of such cases, and not to examine the dockets in the clerks' office. The names of the defendant and of her attorney were properly entered upon the appearance docket of the city court, but in making a transcribed docket of the cases set for trial, the clerk omitted the defendant's first name, by accident or mistake, and omitted the names of defendant's attorney. The same omission appeared in the printed docket made up and distributed among the attorneys, and as a result, defendant's attorney did not discover that defendant's case was set for trial, and a judgment was rendered against her nil dicit. The defendant in the judgment filed petition under the "four months statute," for rehearing upon the ground that the defendant (petitioner) was prevented by surprise, accident, mistake, or fraud, without fault on petitioner's part from making defense to the action. A meritorious defense to the action was averred.

The Court of Appeals, in an opinion by Brown, Judge, held that the defendant's attorney had the right to rely, and was warranted in relying, on the printed docket furnished by the clerk, and that the judgment rendered was by mistake, or accident, and without fault on the part of the defendant within the provisions of section 5372 of the then Code of Alabama.

This court, on petition for writ of certiorari, denied the writ, but filed no opinion.

Formerly, all parties litigant, once in court, had to keep track of their cases, know their status, and ascertain for themselves when the same would be tried. But section 9487 has wrought a change to some extent in this respect by the provision requiring the clerk of the court, in civil cases, to notify attorneys of record who reside outside the county of the day their cases are set for trial.

Section 9487 of the Code is not a mere mirage to be dissolved into nothingness at the will of officials intrusted with its execution. It is mandatory in its terms, and serves a useful purpose. To hold otherwise would not only bewilder and confound the profession, but would, at times, put litigants at the mercy of clerks of courts. Worse than that, it would convert the statute into a pitfall and snare. If a litigant may not rely upon the statute, then the statute has no field of operation, serves no useful purpose. While the Legislature was under no obligation to make provision for such notice as is prescribed by this statute, nevertheless it has done so, and in so doing has made it a part of due process of law.

Our conclusion is the bill, in the aspect under consideration, states a case for equitable cognizance, was not subject to demurrer, and the court committed error in sustaining appellees' demurrer thereto.

The demurrers were addressed to the bill as a whole. In one aspect, it contained equity, and therefore the court should have overruled the demurrer. Wood et al. v. Estes, 224 Ala. 140, 139 So. 331; Oden v. King, 216 Ala. 504, 113 So. 609, 54 A. L. R. 1413; Thompson v. Brown, 200 Ala. 382, 384, 76 So. 298.

It follows that the decree of the circuit court will be reversed, and a decree here rendered overruling the demurrer.

Reversed, rendered, and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.