176 So. 198

## TIMMERMAN et al. v. MARTIN.

### 7 Div. 425.

Supreme Court of Alabama.

June 24, 1937.

Rehearing Denied Oct. 14, 1937.

Reed & Reed, of Centre, for appellants.

Motley & Motley, of Gadsden, for appellee.

KNIGHT, Justice.

The bill in this cause was filed by the appellants, as executors of the last will and testament of W. Frank Timmerman, deceased, to vacate and annul a judgment rendered, nil dicit, against the said W. Frank Timmerman, in an action of trespass, brought in the circuit court of Etowah county by the appellee Martin. The specific prayer of the bill is that the court upon final hearing will vacate and set aside said judgment at law "and by appropriate orders and decrees permit the complainants to have a hearing in said cause and make defense thereto, and to determine the liability vel non of their testate in the premises." The bill prays "for such other, further, additional and special relief as to the court may seem meet and proper."

The equity of the bill is grounded on the averments that the judgment was the result of fraud, accident, or mistake, without negligence on the part of the defendant to the judgment, or his attorneys. The bill avers that the defendant Timmerman had a meritorious defense to the law action, stating fully the defendant's defense, which he was prevented from making because of accident, fraud, or mistake, unmixed with fault or negligence on his part, or on the part of his attorneys.

It appears from the averments of the bill that the respondent, Martin, had brought suit against the appellants' testate in the circuit court of Etowah county for an alleged trespass; that the defendant in the action resided in Cherokee county and had employed Reed & Reed, attorneys residing also in Cherokee county, to represent him, and they had made due appearance in the cause, filing, among other papers, a demurrer to the complaint.

It is made further to appear that the law action was set down for trial on February 14, 1935, and a judgment, nil dicit, was rendered against the defendant on that day; that no notice, as required by section 9487 of the Code, was given the attorneys of the defendant, who resided outside of Etowah county, of the day set for the trial of said cause.

In the case of Hanover Fire Insurance Co. v. Street, 228 Ala. 677, 154 So. 816, 820, this particular section of the Code, with respect to the failure of the clerk to give the notice required by the statute to attorneys, who reside outside of the county, of the day set for the trial of their cases,

came before this court for construction, and we there held in an opinion by the writer: "Section 9487 of the Code is not a mere mirage to be dissolved into nothingness at the will of officials intrusted with its execution. It is mandatory in its terms, and serves a useful purpose. To hold otherwise would not only bewilder and confound the profession, but would, at ,times, put litigants at the mercy of clerks of courts. Worse than that, it would convert the statute into a pitfall and snare. If a litigant may not rely upon the statute, then the statute has no field of operation, serves no useful purpose. While the Legislature was under no obligation to make provision for such notice as is prescribed by this statute, nevertheless it has done so, and in so doing has made it a part of due process of law."

■ A court of equity has the undoubted jurisdiction to set aside, and enjoin the enforcement of, a judgment at law procured through fraud, accident, or mistake, when the complaining party has a meritorious defense to the action, and was without negligence himself in permitting the rendition of the judgment. Hanover Fire Ins. Co. v. Street, supra; Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Id., 176 Ala. 287, 58 So. 262; Nixon v. Clear Creek Lumber Co., 150 Ala. 602, 604, 43 So. 805, 9 L.R.A. (N.S.) 1255; Rose v. Gunn, 79 Ala. 411, 415; Hendley v. Chabert, 189 Ala. 258, 65 So. 993; Sharp v. Edwards, 203 Ala. 205, 82 So. 455; Fowler v. Fowler et al., 219 Ala. 453, 122 So. 440; Fowler v. Nash, 225 Ala. 613, 144 So. 831; Choctaw Bank v. Dearmon, 223 Ala. 144, 134 So. 648; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417.

■ And it may be stated as a general rule that: "Any fact, which clearly proves it to be against good conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself there, but was prevented by fraud or accident unmixed with any fault or negligence in himself or agent, will authorize·a court of equity to enjoin the adverse party from enforcing such judgment."

■ We are fully persuaded the bill, as one to obtain relief from a judgment procured by fraud, accident, or mistake, unmixed with any fault or negligence on the part of the defendant in the judgment, his agents or attorneys, contains equity, and was not subject to any of respondent's stated demurrers.

■ The respondent, in addition to filing demurrers to the bill, made answer thereto, and by his answer he denied the averments charging that the judgment was procured through fraud, accident, or mistake, without fault ·or negligence on the part of the defendant in the judgment, his agents or attorneys, and also denied that the defendant had a meritorious defense to the action.

The cause was submitted for final decree on the pleading and proof as noted by the register, and also on respondent's demurrer to the bill.

The court, in its decree, held that the complainants were not entitled to the relief ɼrayed for in their bill, and dismissed the same.

The testimony in the case was not taken orally in open court and, therefore, no presumption is to be here indulged as to the correctness of the findings of fact upon which the decree was based. Blair v. Jones, 201 Ala. 293, 78 So. 69; Andrews v. Grey, 199 Ala. 152, 74 So. 62.

The evidence *conclusively establishes* that the defendant in the law action was taking active steps to defend the suit; that he had employed able counsel to defend the same; that he and his attorney reside outside of the county where the suit was pending; that on the day the judgment nil dicit was rendered against him, viz., February 14, 1935, he underwent a major operation in a hospital in Gadsden; that within less than ten days ˙thereafter he died; that his will was not probated until the 18th day of March, 1935; that his attorney, having discovered that such a judgment had been rendered, did, within 30 days after the rendition of ˙the judgment, file motion for a new trial, but the right of the attorney to file or prosecute·said motion was challenged by the plaintiff in said judgment, and the court sustained the challenge and overruled the motion. It is also conclusively established by the evidence that the clerk of the circuit court did ʋot comply with the provisions of section 9487 of the Code in giving notice to the defendant's attorney of the day set for said trial, and they had no notice or knowledge that the case had been set down for trial on February 14, 1935, or upon any other day; and that neither the defendant, nor his agents or attorneys, were guilty of any fault or negligence in

not discovering that the case had been set down for trial, and would be tried on February 14, 1935, is fully established by the evidence.

This brings us down to the sole other question, viz.: Does the evidence sustain complainant's contention that the defendant had a meritorious defense to the action?

█ If we should be controlled in determining this question by mere numbers of witnesses, and not by the degree of conviction of the different witnesses the testimony produces upon the judicial mind, we would be forced to conclude that the complainants did not meet and carry the burden of proof that the law placed upon them. However, the courts do not merely count witnesses in determining any given question, but must be guided by the conviction produced upon the judicial mind by the witnesses examined. Testes ponderantur, non numerantur—witnesses are weighed not numbered. Kansas City, M. & B. R. Co. v. Crocker, 95 Ala. 412, 11 So. 262. "Courts and juries should rather weigh than count the testimony of witnesses." Graham v. State, 92 Ala. 55, 9 So. 530; Life Ass'n v. Neville, 72 Ala. 517, 521; 23 C.J. § 1755, p. 20.

This being true, we have no trouble whatever in reaching the conclusion that the evidence reasonably establishes that the defendant in the law case was not guilty of the trespass charged in the plaintiff's complaint, and, therefore, he had a meritorious defense thereto.

█ Having reached this conclusion, it follows that the trial court committed error in rendering the decree denying relief to the complainants, and a decree will be here entered, not ordering a new trial of the law case, but perpetually enjoining the execution of the judgment in the law court. Such is the proper course in such cases, as held in the case of Evans v. Wilhite, supra.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.