46 So.2d 417

**Ex parte COX.**

**6 Div. 28.**

Supreme Court of Alabama.

May 18, 1950.

648

Fred Fite, of Hamilton, for petitioner.

Nelson Vinson, of Hamilton, for respondent.

FOSTER, Justice.

This case comes here upon an original petition to this Court for a writ of mandamus, by which it is sought to review and vacate a judgment of the Circuit Court of Marion County setting aside a judgment of that court rendered nil dicit. We issued a rule nisi to which the judge has made a return. We learn the facts from such return and its admissions.

The case was set for trial on March 24, 1949. The defendant appeared by counsel, who resides in Walker County, and made a motion to transfer the cause to equity. Said motion was not heard that day but the cause was continued, and on October 11, 1949, it again came on for trial at a regular term having been set for that day. Neither the defendant nor his counsel appeared. A judgment nil dicit was rendered against the defendant, and a jury ascertained the amount of plaintiff's damages making the judgment complete as of that day. On November 3, 1949, and within the thirty day period, the defendant, through another attorney, filed a motion to set aside the judgment rendered on October 11, 1949. The grounds set up to justify such motion were that the defendant had no knowledge or notice that the case was set for trial and, therefore, he was prevented, without his fault, from making his defense, claiming that he had a good defense and, therefore, that he was prevented from making his defense on account of surprise, accident, mistake or fraud. Said motion was not heard within the thirty day period from the date of the judgment. It was not called to the attention of the judge and continued to a later date, but came on for hearing on November 23, 1949, which was more than thirty days from the time of the rendition of the

judgment. Upon a hearing of that motion, proof was made by the testimony of the clerk of the court that he mailed a notice of the setting of that case for trial on October 11th, both to the defendant, who resided in Marion County, and to his attorney, who resided in Walker County. The defendant testified that he received no such notice and knew nothing of the setting of the case for October 11th. Defendant's counsel, who was his attorney of record and who resided in Walker County, did not testify and there was no evidence that such notice mailed to him by the clerk was not duly received.

The court granted said motion and set aside the nil dicit judgment on that showing and held that the defendant had no knowledge or notice that his case was set for trial and that he was prevented on that account, without his fault, from making his defense, although he showed from his testimony that he had a defense.

■ If said order granting the motion had been made by the court within the thirty day period or within such time to which the hearing was extended by an order made within the said thirty day period, the granting of the motion would have been within the discretion of the court, provided it was not exercised arbitrarily. Ingalls Shipbuilding Corp. v. Cahela, 251 Ala. 163 (9–10), 36 So.2d 513; Ex parte State ex rel. Atlas Auto Finance Co., 251 Ala. 665, 38 So.2d 560; McDavid v. United Mercantile Co., 248 Ala. 297, 27 So.2d 499.

■ If we were called upon to review the order of the judge granting the rehearing while in the exercise of his discretion, it would not be necessary that the motion set up matter sufficient to exercise the power under the four month statute. Sections 279, 280, Title 7, Code. In that event, any matter so set up in the motion would be useful only as an inducement to the judge for a favorable exercise of his discretion. But since the motion was not heard or acted upon within the thirty day period or within a time to which it was set by an order made within the thirty day period, it may still be treated as a motion under the four month statute, supra. A motion invoking the four month statute may of course be made within the thirty day period, though the judge acting in that period exercises a discretion. The statute provides that it may be made within four months from the rendition of the judgment. That means any time within that period. So that if the motion contained matter sufficient to justify a rehearing under the four month statute and such matter was proven to the satisfaction of the court, it was not improper for him to grant the motion although it was made within thirty days after the rendition of the judgment, and acted upon after the expiration of that period. On such a motion, if the application for rehearing is granted, mandamus is the proper remedy to review that ruling. Ex parte New Home Sewing Machine Co., 238 Ala. 159, 189 So. 874.

It was insisted before the trial court and the return of the judge to the rule nisi in the instant case supports the contention, that the motion was treated as being under authority of the four month statute. Of course that does not fix its nature. But there is no reason why we should not review it upon that basis, if it is sufficient to that end. On that theory the following discussion seems appropriate.

Section 249, Title 7, Code, provides that "in civil cases, the clerk of the court shall notify attorneys of record who reside outside of the county of the day their case or cases are set for trial, which notice may be given either by letter or by mailing a copy of the docket of the court."

■ It is made to appear without conflict that the defendant's attorney of record, who resided in Walker County, was given notice as required by law, section 249, supra, and therefore defendant is not benefited by the principle that a default or nil dicit judgment may be set aside when other elements exist for the failure of the clerk to give notice as required by section 249, supra, when the defendant, or his attorney who resides outside the county, did not otherwise have personal notice of the time when the case was set for trial. That would be, as we have held, in the nature of a mistake. The relief has generally been presented by

650

a suit in equity to set aside the judgment rendered without such notice being given to the defendant's counsel. Timmerman v. Martin, 234 Ala. 622, 176 So. 198; Belyeu v. Bowman, 252 Ala. 371, 41 So.2d 290; Hanover Fire Ins. Co. v. Street, 228 Ala. 677, 154 So. 816. The four month statute is set up as cumulative or an additional remedy to that afforded in equity, but is dependent upon a consideration of the same principles which apply in equity. Evans v. Wilhite, 167 Ala. 587, 52 So. 845; Williams v. Tyler, 14 Ala.App. 591, 71 So. 51; certiorari denied 198 Ala. 696, 73 So. 1002; Little v. Peevy, 238 Ala. 106, 189 So. 720; Martin v. Hudson, 52 Ala. 279.

It is not necessary to give notice to the defendant himself whether he resides within or without the county. If his attorney resides within the county, the law requires the attorney and the parties to the cause to take notice of the time when the case is set for trial, subject to such a custom as that mentioned in Hanover Fire Ins. Co. v. Street, supra, 228 Ala. 677, 682, 154 So. 816, referring to the case Williams v. Tyler, supra, taking note of and giving influence to the custom in Birmingham of having a printed docket for distribution and the effect of an omission from such docket of the setting of a particular case.

It is thoroughly well established that defendant's ignorance of the date of the trial or of the order of the court as to the definite time for disposing of the case is not a proper ground for a new trial, particularly where defendant's attorney of record was informed by the court or clerk as to the time set for its disposition. Anderson v. Anderson, 250 Ala. 427, 34 So.2d 585; Little v. Peevy, 238 Ala. 106, 189 So. 720; Shirley v. McDonald, 220 Ala. 50, 124 So. 104.

As a result of the foregoing discussion, it is apparent that our views lead to the conclusion that the writ of mandamus should issue as prayed for. It is so ordered.

Petition for mandamus granted.

LAWSON, SIMPSON and STAKELY, JJ., concur.