WRIGHT, Presiding Judge.
Walker Builders, Inc. commenced this action by filing a complaint on a verified itemized statement of account (later changed to an open account) for $6,648 against Dr. Carl Robinson. Robinson filed an answer and a counterclaim against Walker Builders, alleging fraud and abuse of process. A motion to dismiss the counterclaim was filed and granted. After the parties received their notice of trial, a motion to continue was filed by Robinson, which was granted. The court entered the following order on this motion:
“Ordered, on motion of the Defendant, Dr. Carl Robinson, for the reasons stated in the motion, the trial of this case is continued over from May 27, 1985, and the case will be rescheduled for trial at the next call of this Docket.”
The attorneys for both parties received a copy of this order.
The case was called for trial on June 24, 1985. A judgment by default was entered against Robinson upon motion by Walker Builders, when he failed to appear for trial. Robinson filed a motion to set aside the judgment, pursuant to Rule 60(b), A.R. Civ.P., which was denied. .Robinson appeals from that judgment.
Robinson raises two issues on appeal: (1) whether the court erred when it concluded that Robinson had received sufficient notice that the case was set for trial, and (2) whether the trial court abused its discretion when it failed to grant a Rule 60(b) motion.
Rule 40(b), A.R.Civ.P., requires the clerk of a court to notify all out-of-county attorneys of record that a case has been placed on the trial docket. Robinson contends that the notice which he received from the clerk of the court was insufficient and relies on Hanover Fire Insurance Co. v. Street, 228 Ala. 677, 154 So. 816 (1934), for this contention. In Hanover, supra, however, the suit was set for trial, and the clerk of the court did not notify the defendant or its attorneys in any manner whatsoever that the case was set for trial. In the case at bar, Robinson’s attorney received a copy of the court’s order that the case was being rescheduled for trial at the next call of the docket. It is well-settled law in this state that litigants, once in court, must keep track of their case, know its status and ascertain for themselves when their case will be tried. Knight v. Davis, 356 So.2d 156 (Ala.1978); Thompson v. Odom, 279 Ala. 211, 184 So.2d 120 (1966). We agree with the court’s conclusion that Robinson received sufficient notice that his case had been set for trial.
It is within the discretion of the court as to whether it should grant or refuse a motion to set aside a judgment pursuant to Rule 60(b), A.R.Civ.P. Wilkerson v. City Sales Company of Mobile, Inc., 374 So.2d 1333 (Ala.1979). The trial court will not be reversed except for an abuse of that discretion. Waldron v. Fikes, 378 So.2d 1138 (Ala.Civ.App.1979). This is especially true where a party seeks to have a default judgment set aside and to proceed to trial upon the merits. Fisher v. Bush, 377 So.2d 968 (Ala.1979). In view of *968 the fact that Robinson received sufficient notice that his case had been set for trial, we cannot say that the court abused its discretion when it denied the motion to set aside the default judgment under Rule 60(b).
The judgment of the trial court is due to be affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.